[No. B005528. Second Dist., Div. Five. Jan. 29, 1985.]

JANICE MARY ANDRE, Plaintiff and Appellant, v.
VIRGINIA INGRAM, Defendant and Respondent.

COUNSEL

Levinson & Lieberman, Lawrence R. Lieberman, Barbara A. Kaye and David M. Marrus for Plaintiff and Appellant.

Dunne, Shallcross & Kane and Mark C. Kane for Defendant and Respondent.

OPINION

**OSBORNE, J.\***— The Legislature has provided that the consumption, not furnishing, of alcoholic beverages is the proximate cause of injuries

*Assigned by the Chairperson of the Judicial Council.

resulting from intoxication, and a social host who furnishes alcoholic beverages is not liable for resulting damages. Appellant asks the courts to nullify this legislation she brands as "outrageous" and "irresponsible." She urges that the "special relationship" of "host-guest" imposes liability where the host does not warn the passenger or prevent the drunk from driving. We hold to the contrary. The law which bars liability for a host who furnishes alcoholic beverages applies with even greater force where, as in this case, the host (hostess) did not furnish the alcoholic beverage, appellant did. The effect of the statute cannot be avoided by alleging the wrong, not as furnishing the alcohol, but as failing to warn the passenger or stop the driver.

Plaintiff appeals from a dismissal after the trial court sustained respondent's demurrer to appellant's second amended complaint, without leave to amend. Appellant Janice Mary Andre and David Gregory Ingram (David), adults, lived in the home of respondent Virginia Ingram, David's mother. Appellant bought, and she and David drank, a bottle of liquor in respondent's home. Appellant left in appellant's vehicle driven by David, who was intoxicated, and was injured when her vehicle was involved in a collision with a truck at an intersection. Appellant sued only respondent, alleging that respondent had a duty to somehow prevent appellant from leaving in appellant's car driven by David or to warn appellant of David's condition, because (1) respondent knew her adult son was an alcoholic which enabled him to appear not intoxicated when in fact he was, and (2) a host-guest relationship between respondent and appellant imposed a duty on respondent.[1]

The enormity of the damage, death, grief, and suffering caused by driving motor vehicles after the consumption of alcoholic beverages is so well known that it needs neither pleading nor proof. (See *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144, 154 [145 Cal.Rptr. 534, 577 P.2d 669]; *Taylor*

---

[1]Appellant's opening brief contains several serious misstatements of the allegations in her second amended complaint.

We ignore some problems with appellant's pleadings. We assume the collision was David's fault or was caused by his intoxication, though not alleged. Appellant did not allege that she did not know David was an alcoholic. Appellant's second amended complaint also omits, but does not explain the omission of, allegations in her original complaint and first amended complaint that when she and David left respondent's home, they were so obviously intoxicated that respondent asked David not to drive, and that David's obvious intoxication was manifested by lack of physical coordination, slurred speech, and other characteristics of intoxicated persons. (See *Hills Transp. Co.* v. *Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702, 709-711 [72 Cal.Rptr. 441]; *Neal* v. *Bank of America* (1949) 93 Cal.App.2d 678, 682 [209 P.2d 825]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 346.)

v. *Superior Court* (1979) 24 Cal.3d 890, 897-899 [157 Cal.Rptr. 693, 598 P.2d 854]; *Burg* v. *Municipal Court* (1983) 35 Cal.3d 257 [198 Cal.Rptr. 145, 673 P.2d 732].) Legal efforts to cope with the problems have been varied. We deal in this case with the attempt of an injured person to obtain compensation from one who did not own the vehicle, did not drive the vehicle, and did not furnish alcoholic beverages to the driver. We review the development of rules regarding the liability of those who do furnish intoxicating beverages to another, because we conclude that those rules control the disposition of this case.

"At common law no action would lie against the seller of liquor to an intoxicated customer where the latter injured himself or a third person. The theory was that the consumption, not the sale, was the proximate cause of the injury. [Citations.]" (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 563, p. 2829; see *Cole* v. *Rush* (1955) 45 Cal.2d 345, 356 [289 P.2d 450, 54 A.L.R.2d 1157].)

The common law approach was abrogated in a series of cases beginning with *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151]. *Vesely* concluded, at page 164, "that the furnishing of an alcoholic beverage to an intoxicated person may be a proximate cause of injuries inflicted by that individual upon a third person. If such furnishing is a proximate cause, it is so because the consumption, resulting intoxication, and injury-producing conduct are foreseeable intervening causes, or at least the injury-producing conduct is one of the hazards which makes such furnishing negligent." In support of its conclusion, the court cited Restatement Second of Torts, section 449. *Vesely* then turned to the element of duty, and found a breach of the duty of care in that a licensed seller of alcoholic beverages sold to an obviously intoxicated person in violation of a statute.

In *Coulter* v. *Superior Court, supra,* 21 Cal.3d 144, the Supreme Court extended *Vesely* to impose liability on a social host. Foreseeability of the risk was the primary consideration in determining the existence of a duty. "We think it evident that the service of alcoholic beverages to an obviously intoxicated person by one who knows that such intoxicated person intends to drive a motor vehicle creates a *reasonably foreseeable* risk of injury to those on the highway. [Citation.] Simply put, one who serves alcoholic beverages under such circumstances fails to exercise reasonable care." (*Coulter,* at pp. 152-153.)

In 1978, the pendulum swung back. The Legislature abrogated the *Vesely* line of cases; reinstated the rule that consumption, not furnishing, of alcoholic beverages is the proximate cause of injuries resulting from intoxication; and provided that no social host who furnishes alcoholic bev-

erages to any person shall be held legally accountable for damages or injury resulting from the consumption of such beverages. (Civ. Code, § 1714; Bus. & Prof. Code, §§ 25602, 25602.1.) The amendments have been held to be constitutional. (*Cory* v. *Shierloh* (1981) 29 Cal.3d 430, 437-441 [174 Cal.Rptr. 500, 629 P.2d 8].)

Appellant describes the legislation by several pejorative terms and apparently asks that we nullify or disingenuously distinguish the 1978 legislation. That is not our prerogative. We now examine the implications of that legislation for the present case.

This case obviously differs from the situations discussed above, in that respondent did not furnish the alcoholic beverages to the person alleged to have later driven while intoxicated. However, that difference cannot be one which would impose liability. Indeed, even before the 1978 legislation, allegations that a defendant "permitted" or "aided, abetted, participated and encouraged" another to drink in excess did not result in liability where it was not alleged that the defendant actually furnished liquor to the other. (*Coulter* v. *Superior Court, supra,* 21 Cal.3d at p. 155.)

Appellant cites cases involving the responsibility of the person who consumes alcohol to excess. Those are of no assistance to appellant, and are consistent with the legislative declaration that consumption of alcohol is the proximate cause of resulting injuries. (See *Taylor* v. *Superior Court, supra,* 24 Cal.3d 890, 897-898.)

Appellant contends that foreseeable misconduct on the part of another (David) is not a supervening cause relieving respondent from common law liability. However, the statement assumes that liability exists to begin with. Appellant relies heavily on Restatement Second of Torts section 449, which states: "If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby." That language was also quoted and relied on in *Vesely* v. *Sager, supra,* 5 Cal.3d at page 164. However, as we have noted its general application in the area of consumption of alcoholic beverages by competent adults has been abrogated by the 1978 legislation.

Appellant contends that the "special relationship" of host-guest between respondent and appellant imposed a legal duty on respondent to control the conduct of her adult son for the protection of appellant. Appellant does not suggest how respondent reasonably could have prevented David from consuming the alcohol purchased and furnished by appellant, or how she could

have prevented him from driving appellant's car. The contention is untenable. The Legislature has established that consumption, not furnishing, alcoholic beverages is the proximate cause of resulting injuries. It would be unreasonable to conclude that a person, who did not prevent another person from driving while intoxicated, would not be liable if he furnished the alcohol which caused the intoxication, but would be liable if he did not furnish it.

Appellant alternatively contends that respondent had a duty to warn appellant that because David was an alcoholic, he might be intoxicated even if it was not obvious. Appellant does not explain how the "host-guest" relationship postulated and relied upon involves the type of dependency usually associated with imposition of special duties. In any event, since respondent would not be liable for appellant's injuries if respondent had furnished the alcohol, respondent cannot be held liable, although she did not furnish the alcohol, merely because respondent did not warn appellant that the liquor appellant was furnishing David might impair his ability to drive. Appellant cites *Pamela L.* v. *Farmer* (1980) 112 Cal.App.3d 206 [169 Cal.Rptr. 282]; *Mann* v. *State of California* (1977) 70 Cal.App.3d 773 [139 Cal.Rptr. 82]; *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166]; *O'Hara* v. *Western Seven Trees Corp.* (1977) 75 Cal.App.3d 798 [142 Cal.Rptr. 487]; and *Musgrove* v. *Ambrose Properties* (1978) 87 Cal.App.3d 44 [150 Cal.Rptr. 722] as involving duties imposed by a "special relationship." However, none of those involve driving while intoxicated or the effects of the 1978 legislation.

Finally, appellant contends that respondent enhanced the foreseeable risk of harm to appellant by knowingly placing appellant in a dangerous position, and thereby proximately caused appellant's injuries. Applying that statement to the facts of this case is not easy. After all, appellant, not respondent, purchased the alcohol; appellant, not respondent, furnished it to David and permitted him to consume it; appellant, not respondent, let David drive appellant's car; and appellant, not respondent, put appellant in appellant's car.

Appellant cites *Cantor* v. *Anderson* (1981) 126 Cal.App.3d 124 [178 Cal.Rptr. 540] which held that a person may be liable for furnishing alcohol to a developmentally disabled person, knowing the liquor would cause him to lose control and become violent. Appellant has attempted to fit her pleadings within *Cantor* by alleging that David "had an exceptional mental and physical condition causing him to become violent and not in control of his behavior after consuming alcohol." However, her second amended complaint is devoid of any allegation that on this occasion, David became "vi-

olent and not in control of his behavior." Appellant's allegations appear closer to those in *Cole* v. *Rush, supra,* 45 Cal.2d 345. There, the plaintiff widow sued defendants, owners of a bar, alleging that her husband was normally quiet but belligerent and quarrelsome when intoxicated, that defendants knew that, that contrary to plaintiff's repeated requests, defendants sold liquor to decedent husband who became intoxicated, fought, fell, struck his head and died. Those allegations were held insufficient to state a cause of action.

The critical distinction from *Cantor,* of course, is that respondent did not furnish the liquor. We therefore have no reason to consider the correctness of *Cantor* or its extension in *Burke* v. *Superior Court* (1982) 129 Cal.App.3d 570 [181 Cal.Rptr. 149]. We are aware that *Strang* v. *Cabrol* (1984) 37 Cal.3d 720 [209 Cal.Rptr. 347, 691 P.2d 1013] is being considered by the California Supreme Court. Because respondent did not furnish the car, we also do not consider *Blake* v. *Moore* (1984) 162 Cal.App.3d 700 [208 Cal.Rptr. 703], which held that a social host who furnishes alcohol may be liable for damages concurrently caused by the host's negligently furnishing a car to the guest to drive, knowing the guest is intoxicated.

Regardless of appellant's characterization of the law as disastrous, the 1978 legislation provided that consumption, not furnishing, of alcoholic beverages is the proximate cause of injuries resulting from intoxication. It also provided that a social host who furnishes alcoholic beverages to a person is not legally accountable for damages or injury resulting from the consumption of the beverages. There is even less reason to impose liability on a social host who does not furnish the alcoholic beverages. Under the facts alleged in the second amended complaint, respondent was not liable. The demurrer was properly sustained.

The judgment is affirmed.

Feinerman, P. J., and Ashby, J., concurred.

On February 28, 1985, the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied March 27, 1985.