[No. D003244. Fourth Dist., Div. One. June 11, 1986.]

BRUCE DeBOLT et al., Plaintiffs and Appellants, v.
KRAGEN AUTO SUPPLY, INC., Defendant and Respondent.

[No. D003185. Fourth Dist., Div. One. June 11, 1986.]

TOMAS MORENO, a Minor, etc., et al., Plaintiffs and Appellants, v.
KRAGEN AUTO SUPPLY, INC., Defendant and Respondent.

**COUNSEL**

Thorsnes, Bartolotta, McGuire & Padilla, Michael D. Padilla, Brennan & Hollins, Bruce L. Schechter, McInnis, Fitzgerald, Rees, Sharkey & McIntyre and Donald A. Vaughn for Plaintiffs and Appellants.

Post, Kirby, Noonan & Sweat, Thomas W. Bettles and Robert L. Friedenberg for Defendant and Respondent.

**OPINION**

**BUTLER, J.**—Bruce DeBolt, Tiffany Lee DeBolt, a minor by and through her guardian ad litem, Bruce DeBolt, Bridget Marie O'Toole, a minor by and through her guardian ad litem, Thomas F. Lennon, Jerilyn S. Jones, as administratrix of the estate of Barbara Sue Kraus, and Tomas Moreno, a minor by and through his guardian ad litem Nanci Schumacher (collectively DeBolts) appeal judgments of dismissal after the trial court sustained demurrers without leave to amend in their wrongful death actions against Kragen Auto Supply, Inc. (Kragen).[1]

We accept as true the following facts alleged in the complaint (*Bigbee* v. *Pacific Tel. & Tel. Co.* (1983) 34 Cal.3d 49, 56, fn. 10 [192 Cal.Rptr. 857, 665 P.2d 947]). In July of 1983, Kragen instigated, planned and conducted a beach party for its employees. A Kragen employee asked Christine Eigsti, a minor, to attend with him as his date. She did. Kragen supplied and served Eigsti alcoholic beverages to the point where she became so intoxicated and disorderly Kragen ordered her to leave the party. Furthermore, Kragen knew Eigsti would drive her car since it was her only available transportation and it was obvious she could not safely do so. Nevertheless, Kragen did not attempt to, nor did Kragen provide, any alternative or safer means of transportation such as a taxi, the police, a friend; neither did they call her parents. After buying gasoline, Eigsti proceeded south on Interstate 5 and subse-

---

[1]The complaints name Kragen Auto Supply, Inc. and Kragen Auto Supply Co. as a defendant. The judgments dismiss the complaint as to Checker Auto Parts, Inc., dba Kragen Auto Supply Company. We retain the nomenclature used in the complaints.

quently plowed into a motorcycle from behind, killing Dennis Che Moreno, the driver, and Barbara Sue Kraus, the passenger. Tomas Moreno is the son and surviving heir of Dennis. Bruce DeBolt is a surviving spouse of Barbara Sue, and Tiffany Lee and Bridget Marie are her surviving children.

Originally, separate lawsuits were filed respectively on behalf of Moreno's heir and Kraus' heirs. The cases were consolidated on October 1, 1985, for purposes of this appeal.[2]

DeBolts appeal contending their cause of action against Kragen sounding in general negligence is not based on Kragen serving Eigsti alcoholic beverages; rather it is based on Kragen's conduct ordering and causing Eigsti to leave and to drive in an intoxicated state and is therefore not barred as a matter of law. We disagree with DeBolts' contentions and affirm Kragen's dismissal.

## Discussion

In reviewing a judgment of dismissal entered after a demurrer is sustained without leave to amend, we treat as admitted both the material facts properly pleaded in the complaint and the reasonable inferences drawn from the facts. (*Strang* v. *Cabrol* (1984) 37 Cal.3d 720, 722 [209 Cal.Rptr. 347, 691 P.2d 1013]; *Buckaloo* v. *Johnson* (1975) 14 Cal.3d 815, 828 [122 Cal.Rptr. 745, 537 P.2d 865]; *Bloomberg* v. *Interinsurance Exchange* (1984) 162 Cal.App.3d 571, 574-575 [207 Cal.Rptr. 853].) The allegations must be liberally construed to obtain justice between the parties and we determine whether the allegations are adequate to state a cause of action under any legal theory. (*Bloomberg, supra,* at p. 575.)

As it has been ably done elsewhere on numerous occasions, it is not necessary to here dwell upon the complete historical background of civil liability for injuries incurred as a consequence of the service and consumption of alcoholic beverages. (See *Bass* v. *Pratt* (1986) 177 Cal.App.3d 129 [222 Cal.Rptr. 723]; *Rogers* v. *Alvas* (1984) 160 Cal.App.3d 997 [207

---

[2]Originally and separately, DeBolts' first amended complaint included against Kragen a first cause of action based on general negligence, a second based on violation of statute and a tenth based on survival. Kragen demurred to these three causes of action. The judge sustained the demurrer without leave to amend and Kragen was dismissed from the lawsuit. DeBolts appeal the first cause of action only and the tenth as it derives from the first.

Tomas Moreno's second cause of action in his first complaint was against Kragen. The judge sustained Kragen's first demurrer without leave to amend. Moreno moved for reconsideration and included a proposed cause of action sounding in general negligence more explicitly similar to DeBolts' first cause of action. The judge denied that motion and dismissed Kragen. The original superior court file is used here in lieu of the clerk's transcript.

Cal.Rptr. 60].) Suffice it to say in 1978 the Legislature amended the statutes to provide: "No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages." (Civ. Code, § 1714, subd. (c).)

Moreover, although sections 25602 and 25658 of the Business and Professions Code[3] provide misdemeanor violations for serving, furnishing, giving or causing to sell, furnish or give alcoholic beverages to an obviously intoxicated person or to a minor, immunity for liability is specifically provided in section 25602, subdivision (b), for such activity pertaining to an "obviously intoxicated person." ■ The sole explicit exception to immunity is section 25602.1 which states a licensee may be held liable for furnishing alcoholic beverages to an obviously intoxicated minor. (See *Strang* v. *Cabrol, supra,* 37 Cal.3d 720; *Cory* v̇. *Shierloh* (1981) 29 Cal.3d 430 [174 Cal.Rptr. 500, 629 P.2d 8].)

Our Supreme Court in *Cory* v. *Shierloh, supra,* 29 Cal.3d 430, reluctantly upheld against constitutional attack the statutory provisions of civil immunity from liability. The court noted, "notwithstanding the clear documentation of the appalling nature of the nationwide drunk driving problem, the Legislature with the Governor's approval enacted legislation which was expressly designed to 'abrogate'" prior decisions which found licensees as well as social hosts could be held liable for consequences of serving alcoholic beverages (*id.,* at p. 435). Furthermore, in *Strang* v. *Cabrol, supra,* 37 Cal.3d 720, the court held, although not set forth specifically in the statutory scheme, a party could not be held civilly liable for violating the statute's misdemeanor provision of serving alcohol to minors (§ 25658).

■ Despite the foregoing statement of the law, DeBolts contend they have a cause of action sounding in general negligence based not on selling, furnishing or otherwise providing alcoholic beverages to Eigsti but rather based on Kragen asking Eigsti to leave knowing she was intoxicated and not able to safely drive and knowing she would drive her car nevertheless, and furthermore not attempting to supply or actually supplying a safer alternative.[4]

DeBolts urge us to apply to the instant circumstance principles of common law negligence and to decide Kragen had a duty not to create an unreasonable

[3]All statutory references are to the Business and Professions Code unless otherwise specified.

[4]DeBolts do not appeal based on the cause of action for violation of a statute (§ 25658) presumably since subsequently that issue was decided negatively in *Strang* v. *Cabrol, supra,* 37 Cal.3d 720.

risk and by implication thus is liable for the injuries DeBolts sustained which they claim flowed reasonably foreseeably from Kragen forcing Eigsti out on the highway in her inebriated state. They contend Eigsti's presence on the highway created an unreasonable risk to third parties. (Cf. *Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40 [123 Cal.Rptr. 468, 539 P.2d 36].) They additionally argue the action is grounded in Kragen's misfeasance, i.e., forcing Eigsti to leave, rather than Kragen's nonfeasance, i.e., doing nothing, and no special relationship need be established in order to incur liability. (Cf. *Bloomberg* v. *Interinsurance Exchange, supra,* 162 Cal.App.3d 571; *Pamela L.* v. *Farmer* (1980) 112 Cal.App.3d 206 [169 Cal.Rptr. 282].)

By thus presenting the issue, DeBolts vigorously urge us to ignore the statutory framework concerning serving and consuming alcohol and its attendant immunities. However, this we refuse to do. Whether we agree or would have chosen to do otherwise, the Legislature in 1978 specifically abrogated our Supreme Court's application of common law negligence principles to alcohol consumption-related injuries. Civil Code section 1714, subdivision (b), states: "It is the intent of the Legislature to abrogate the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313), and Coulter v. Superior Court (— Cal.3d —) and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person."

DeBolts attempt to characterize Kragen's "fault" as ordering Eigsti to leave and as failing to provide alternative and safer means of transportation, and thereby hope to escape the statute's limitation. However, "[t]he effect of the statute cannot be avoided by alleging the wrong, not as furnishing the alcohol," but as forcing a person to leave a party or failing to provide safe transportation. (*Andre* v. *Ingram* (1985) 164 Cal.App.3d 206, 208 [210 Cal.Rptr. 150].)

In *Andre* v. *Ingram,* a fact pattern not unlike the instant case, there was no allegation the defendant furnished the beverages, but plaintiff alleged the host should have warned her not to get in the car with the driver or should have stopped the driver from driving; failure to do so was a breach. We must agree with the conclusion reached there. Simply put, "the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person." (Civ. Code, § 1714, subd. (b); *Strang* v. *Cabrol, supra,* 37 Cal.3d 720 at p. 725; *Andre* v. *Ingram, supra,*

164 Cal.App.3d 206 at p. 212; *Rogers* v. *Alvas, supra,* 160 Cal.App.3d 997 at p. 1004.) If we found liability possible here, soon complaints would be easily couched in language apart from furnishing or selling liquor. Plaintiffs would claim liability for *inviting* a person to a party where drinks are served knowing he/she might become intoxicated, failing to keep someone from driving as in *Andre* v. *Ingram,* or any number of possibilities. "[I]t is [however] the consumption alone . . . of liquor which causes the resultant deaths and injuries." (*Cory* v. *Shierloh, supra,* 29 Cal.3d 430 at p. 441.) Social host immunity is applicable here. (Civ. Code, § 1714, subd. (c).)

DeBolts also cite to us cases from foreign jurisdictions and urge we follow them. First, we are not bound by them; second, statutes similar to ours do not exist in those states. California is in a small minority. (See generally Comment, *Liquor, The Law, and California: One Step Forward—Two Steps Backward* (1979) 16 San Diego L.Rev. 355, 356-357, and fns. 7-8.) Those cases do not compel us to ignore our own Legislature's wishes and intent. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; *Strang* v. *Cabrol, supra,* 37 Cal.3d 720 at pp. 724-725; *Rogers* v. *Alvas, supra,* 160 Cal.App.3d 997 at pp. 1001-1002.)

Finally, we must determine whether the allegations are adequate to state a cause of action under any legal theory. (*Bloomberg* v. *Interinsurance Exchange, supra,* 162 Cal.App.3d 571 at p. 575.) ▮ Since the 1978 legislation returned our law to pre-*Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], and that line of cases (Civ. Code, § 1714, subd. (b); Bus. & Prof. Code, § 25602, subd. (c)), we must determine whether DeBolts' complaint might be amended to fit into any exceptions to immunity from liability which may exist. For example, there is an exception if a party furnishes alcohol to a person unable to voluntarily resist its consumption if the resultant injury is a joint product of an exceptional mental or physical condition and the alcohol. (*Bass* v. *Pratt, supra,* 177 Cal.App.3d 129 at p. 135; see *Cantor* v. *Anderson* (1981) 126 Cal.App.3d 124, 130-131 [178 Cal.Rptr. 540].) However, in *Bass* v. *Pratt,* the court rejected plaintiff's contention the alcohol consumer, a *minor,* was such a person simply by being young and inexperienced, impaired by alcohol and not capable of voluntary action (*id.,* at p. 136). No facts are alleged here which could otherwise give rise to that exception.

▮ Secondly, there exists an exception when an employer is involved in serving alcohol to employees at office parties or other business sponsored off-the-premises parties. (*Harris* v. *Trojan Fireworks Co.* (1981) 120 Cal.App.3d 157 [174 Cal.Rptr. 452]; *Brockett* v. *Kitchen Boyd Motor Co.*

(1968) 264 Cal.App.2d 69 [70 Cal.Rptr. 136].)[5] Although there are allegations Kragen arranged and hosted the party, Eigsti was not Kragen's employee; she was simply a guest. Any special relationship an employer may have with an employee which might give rise to this exception is not present here. As to Eigsti, Kragen was simply a social host and is shielded from liability. (Civ. Code, § 1714, subds. (b) & (c).)

*Conclusion*

Kragen cannot be held liable for DeBolts' injuries. While Kragen forced Eigsti to leave the party, knowing she was intoxicated and would drive her car, social host immunity shields Kragen from liability.

Judgments affirmed.

Wiener, Acting P. J., and Work, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 20, 1986.

---

[5]Subsequently, in *Harris* v. *Trojan Fireworks Co.* (1984) 155 Cal.App.3d 830 [202 Cal.Rptr. 440], the appellate court upheld a nonsuit in favor of defendant Trojan Fireworks. The employer was not liable because the driver was not within the scope of his employment when he was involved in the accident.

*Brockett* also came up again. Plaintiffs dropped the allegations of the previous cause of action opting instead for general liability based on furnishing a *minor* employee with copious amounts of liquor, knowing he would drive home. Based on *Vesely* v. *Sager, supra,* 5 Cal.3d 153, which had just been decided, the court reversed and sent the case back with orders to overrule a demurrer. (*Brockett* v. *Kitchen Boyd Motor Co.* (1972) 24 Cal.App.3d 87 [100 Cal.Rptr. 752].) Neither case has been overruled specifically by case law and on their narrow facts may still be good law. However, *Harris* appears to be an anomaly. (See Comment, *Employer Liability for a Drunken Employee's Actions Following an Office Party: A Cause of Action under Respondeat Superior* (1982) 19 Cal. Western L.Rev. 107, 129-136.) Moreover, *Brockett II* appears to be specifically overruled by the statute and arguably so is *Brockett I.* (See Comment, *California Liquor Liability: Who's to Pay the Costs?* (1980) 15 Cal. Western L.Rev. 490, 527-528.)