[No. A049421. First Dist., Div. Three. Sept. 30, 1991.]

SANG LEONG et al., Plaintiffs and Appellants, v.
SAN FRANCISCO PARKING, INC., et al., Defendants and Respondents.

[No. A051199. First Dist., Div. Three. Sept. 30, 1991.]

SANG LEONG et al., Plaintiffs and Appellants, v.
CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent.

828

COUNSEL

Robert Henry Blumenthal for Plaintiffs and Appellants.

Louise H. Renne, City Attorney, Kimberly A. Reiley, Chief Deputy City Attorney, Roger W. Hackley, Deputy City Attorney, Low, Ball & Lynch, Robert Lazzarini, Charles S. Redfield, Drevlow, Murray & Payne, John J. Murray and Donald K. Bussiere for Defendants and Respondents.

OPINION

CHIN, J.—Sang and Sau Wan Leong appeal the trial court's orders dismissing their action against respondents San Francisco Parking, Inc. (SF Parking), the San Francisco Giants (the Giants), and the City and County of San Francisco (the City) upon the sustaining, without leave to amend, of respondents' demurrers to the Leongs' first and second amended complaints for wrongful death. We hold that the trial court properly sustained the demurrers because respondents are not liable as a matter of law for the death of the Leongs' son, Norman. Moreover, since there is no possibility the Leongs can

state a cause of action, it was not error to refuse to grant leave to amend. Therefore, we affirm.

## FACTUAL BACKGROUND

According to the Leongs' first amended complaint,[1] which does not name the City as a defendant, on August 6, 1989, Godfrey Mauricio was driving a vehicle that collided with and killed their son, Norman, who was riding his bicycle at the time. In their claim against SF Parking and the Giants, the Leongs further allege that Mauricio had attended a Giants' baseball game at Candlestick Park prior to the accident. He drank alcoholic beverages in the parking lot both before and after the game. He also drank alcoholic beverages during the game, "which beverages were provided by the defendants, and each of them." The collision resulting in Norman's death occurred after Mauricio left the stadium parking lot. Mauricio was intoxicated at the time. The Leongs premise liability on allegations that SF Parking and the Giants (1) "owned, operated, controlled, leased, and maintained" the parking lot, (2) "have known, or should have known," that patrons were using the parking lot "for tailgating parties and were then and there consuming alcoholic beverages in or about their motor vehicles, and that such patrons were driving their motor vehicles to and from the ballgames . . . ," (3) failed, despite having this knowledge, "to take any reasonable steps to prevent or to prohibit" patrons from so consuming alcoholic beverages, and "actually encouraged, in some ways, the use of the parking lot premises for tailgating parties and the consumption of alcoholic beverages by patrons and operators of motor vehicles . . . ," and (4) "so negligently owned, operated, maintained, controlled and leased the said parking lot premises so as to proximately cause the operation of motor vehicles by persons under the influence of alcohol and so as to proximately cause the death of the decedent by an intoxicated driver who became intoxicated at said Candlestick Park, and in said parking lot . . . ."

SF Parking and the Giants demurred to the first amended complaint[2] on the grounds that the Leongs' claim failed to state facts sufficient to constitute a cause of action and was uncertain because there was no allegation that Mauricio was an obviously intoxicated minor. The trial court sustained the demurrer without leave to amend. The Leongs filed a motion for reconsideration or, in the alternative, to vacate the judgment, attaching a proposed amended complaint for consideration. The trial court denied the motion, and the Leongs filed a notice of appeal.

---

[1]For purposes of appeal, we take as true the allegations of the Leongs' complaints. (*Strang v. Cabrol* (1984) 37 Cal.3d 720, 722 [209 Cal.Rptr. 347, 691 P.2d 1013].)

[2]The Giants filed the demurrer. The parties agreed by stipulation that the ruling on the demurrer would also apply to SF Parking.

Prior to issuance of the order sustaining the demurrer to the first amended complaint, the Leongs filed a second amended complaint naming the City as a defendant in the third cause of action. In that cause of action, the Leongs premise liability on allegations that the City (1) owned and operated Candlestick Park and the adjacent parking lot, (2) encouraged, invited, and permitted Mauricio to bring alcoholic beverages to the premises and consume them in his vehicle both before and after the game, and (3) knew, consented to, permitted, and encouraged members of the public to drive under the influence of alcohol. The Leongs also incorporate by reference the allegations of the first two causes of action, which are substantially similar to the two claims alleged in the first amended complaint. The City demurred, relying on the same grounds that SF Parking and the Giants had successfully argued to the court. The court sustained the demurrer without leave to amend. The Leongs filed a notice of appeal and, upon the Leongs' motion, we consolidated the appeals.

## DISCUSSION

▆▆▆ The principal issue on appeal involves application of Business and Professions Code section 25602.[3] Subdivision (b) of section 25602 provides that "[n]o person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage [to any habitual or common drunkard or to any obviously intoxicated person] shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage." As subdivision (c) explains, the purpose of the statute is to reaffirm "prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person."

The allegations in the Leongs' first amended complaint bring their claim against SF Parking and the Giants clearly within the scope of section 25602, subdivision (b). As set forth above, the Leongs allege that Mauricio drank alcoholic beverages during the game, "which beverages were *provided by the defendants*, and each of them . . . ," and that SF Parking and the Giants "so negligently owned, operated, maintained, controlled and leased the said parking lot premises so as to proximately cause the operation of motor vehicles by persons under the influence of alcohol and so as to proximately cause the death of the decedent by an intoxicated driver *who became intoxicated at said Candlestick Park*, and in said parking lot . . . ." (Italics added.) Thus, under section 25602, the Leongs cannot hold SF Parking and the Giants civilly liable.

---

[3]All further statutory references are to the Business and Professions Code unless otherwise indicated.

Apparently contending that they should be given leave to amend, the Leongs argue that section 25602 does not bar suit against SF Parking and the Giants because the Leongs "can plead specific facts alleging that [SF Parking and the Giants] did not furnish, sell or give alcoholic beverages to patrons to consume in or about their vehicles in the parking lot."[4] The Leongs further contend that the absence of an allegation in their claim against the City that it furnished Mauricio with alcohol renders it subject to suit for negligence notwithstanding section 25602. We disagree.

■■■■ The Leongs cannot hold any of the respondents liable for simply permitting Mauricio to consume alcoholic beverages on respondents' premises.[5] The Supreme Court definitively answered this question in *Coulter v. Superior Court* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669]. Plaintiffs in *Coulter*, one of whom was injured in a car accident involving a drunk driver, claimed that one defendant had " 'permitted' [the driver] to be served alcoholic beverages on [its] premises" and that another defendant "had 'aided, abetted, participated [in] and encouraged' [the driver] to drink to excess." (*Id.*, at p. 148.) The court affirmed the sustaining of a demurrer to this claim, holding that "[s]ince neither of these allegations asserted that defendants or their agents actually furnished liquor to [the driver], no liability is imposed . . . . [Citations.]"[6] (*Id.*, at p. 155.) Thus, even without the furnishing allegations, the Leongs' claim that respondents failed to prevent or to prohibit patrons from drinking and actually encouraged the use of the parking lot premises for drinking fails as a matter of law to state a cause of action.[7]

---

[4]The Leongs state that "the complaint can and does allege facts indicating that [S.F. Parking and the Giants] were not and did not SELL, FURNISH, OR GIVE AWAY any alcoholic beverage to an obviously intoxicated person or any other kind of person." Given that the first amended complaint, which is the pleading the demurrer attacks, alleges that Mauricio consumed alcohol "provided by the defendants," we interpret the Leongs' statement as a reference to their proposed third amended complaint, which omits the furnishing allegation, and their argument as a request for leave to amend.

[5]Moreover, as to SF Parking and the Giants, the Leongs cannot avoid dismissal by simply omitting, without explanation, allegations destructive of their cause of action. (*Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 836 [69 Cal.Rptr. 321, 442 P.2d 377].) " 'In such a case the original defect infects the subsequent pleading so as to render it vulnerable to a demurrer.' [Citation.]" (*Ibid.*) The Leongs have offered no explanation, other than a desire to avoid the statute, for omitting the allegations that Mauricio consumed alcohol provided by SF Parking and the Giants and became intoxicated at Candlestick Park. A demurrer to the Leongs' proposed amended complaint therefore would be proper.

[6]In support of its conclusion, the court cited *Wiener v. Gamma Phi Chap. of Alpha Tau Omega Frat.* (1971) 258 Ore. 632 [485 P.2d 18, 22, 53 A.L.R.3d 1276]. In *Wiener*, the Oregon Supreme Court held that defendants leasing their premises for a fraternity party do not owe "a duty to protect the guests or others from the actions of persons who are allowed to become intoxicated." (*Ibid.*) Thus, plaintiff's allegations that defendants negligently failed to supervise despite knowing about and consenting to the furnishing of alcohol did not aid plaintiff's case. (*Ibid.*)

[7]The *Coulter* court also held that social hosts who furnish alcohol to obviously intoxicated persons may be liable for resulting injuries. (*Coulter v. Superior Court, supra*, 21 Cal.3d at

■ Moreover, we reject the Leongs' overly technical reading of section 25602. The Supreme Court has twice rejected similar attempts strictly to construe section 25602. In *Strang* v. *Cabrol, supra,* 37 Cal.3d at page 725, the Supreme Court held that section 25602's coverage is not limited only to those who provide alcohol to obviously intoxicated persons, despite the section's reference to "any obviously intoxicated person" and to cases involving the provision of alcohol to such persons: "Were the reference interpreted as limiting, then [section 25602] . . . would bar suit only against a person supplying alcoholic beverages to an obviously intoxicated consumer, yet permit tort recovery against one who supplies to a sober individual who later becomes intoxicated. Obviously, the supplier in the former situation is better able to foresee the risk of harm to others and thus engages in the more culpable conduct. [Citation.] We do not believe the Legislature intended such a whimsical anomaly."

Similarly, in *Cory* v. *Shierloh* (1981) 29 Cal.3d 430, 437 [174 Cal.Rptr. 500, 629 P.2d 8], despite the language of section 25602, subdivision (c), establishing consumption as the proximate cause of injuries inflicted "upon another by an intoxicated person . . . ," the Supreme Court rejected a strict construction of the statute that would bar the action only of injured third parties while allowing intoxicated persons themselves to recover for their own injuries. It reasoned that, "[a]lthough the 1978 amendments are hardly models of draftsmanship, we must conclude that section 25602, subdivision (b), reasonably construed, bars a suit by the intoxicated consumer as well as by third persons injured by him. Any other construction would produce a singularly anomalous result, permitting a tort recovery against the provider by the intoxicated consumer, while barring recovery against the same provider by an innocent third person who was injured by the same consumer." (*Ibid.*)

■ The result of the Leongs' reading of section 25602 would be no less anomalous, for it would bar recovery against a supplier of alcohol while permitting it against the nonsupplier. "Obviously, the supplier . . . is better able to foresee the risk of harm to others and thus engages in the more culpable conduct. [Citation.] We do not believe the Legislature intended such a whimsical anomaly." (*Strang* v. *Cabrol, supra,* 37 Cal.3d at p. 725.) We therefore conclude that section 25602, "reasonably construed" (*Cory* v. *Shierloh, supra,* 29 Cal.3d at p. 437), bars suit against those who simply

---

p. 147.) Section 25602, subdivision (c), and Civil Code section 1714, subdivision (b), expressly abrogate this part of *Coulter* in favor of prior judicial interpretation finding the consumption rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person. Nothing in these sections affects that part of *Coulter* finding no liability in the absence of an allegation that a defendant furnished alcohol.

permit the consumption of alcoholic beverages on their premises as well as against those who supply alcohol.

Supporting our conclusion is *Andre v. Ingram* (1985) 164 Cal.App.3d 206, 209 [210 Cal.Rptr. 150], in which plaintiff claimed that defendant, a social host "who did not own the vehicle, did not drive the vehicle, and did not furnish alcoholic beverages to the driver . . . ," had a duty to prevent plaintiff from leaving in a car driven by defendant's intoxicated son. Reasoning that the difference between a supplier and nonsupplier "cannot be one which would impose liability . . ." (*id.*, at p. 210), the court held that "[t]he law which bars liability for a host who furnishes alcoholic beverages *applies with even greater force* where . . . the host (hostess) *did not furnish the alcoholic beverage* . . . ." (*Id.*, at p. 208, italics added.) The court also rejected plaintiff's argument that the existence of a special relationship between host and guest imposed on defendant a legal duty to control her adult son's conduct (*id.*, at p. 210), finding that "[t]he Legislature has established that consumption, not furnishing, alcoholic beverages is the proximate cause of resulting injuries. It would be unreasonable to conclude that a person, who did not prevent another person from driving while intoxicated, would not be liable if he furnished the alcohol which caused the intoxication, but would be liable if he did not furnish it." (*Id.*, at p. 211.)

Also supporting our conclusion is *DeBolt v. Kragen Auto Supply, Inc.* (1986) 182 Cal.App.3d 269 [227 Cal.Rptr. 258], in which the court affirmed the sustaining of demurrers without leave to amend on the basis of section 25602. Plaintiffs in *DeBolt*, who were the heirs of two people killed by a drunk driver, argued that the statute did not apply because "their cause of action . . . [was] not based on [defendant] serving [the driver] alcoholic beverages; rather it [was] based on [defendant's] conduct ordering and causing [the driver] to leave and to drive in an intoxicated state . . . ." (*Id.*, at p. 272.) The court disagreed, finding that section 25602 "specifically abrogate[s] our Supreme Court's application of common law negligence principles to alcohol consumption-related injuries." (*Id.*, at p. 274.) Following *Andre v. Ingram, supra*, 164 Cal.App.3d 206, the court refused to adopt an interpretation of section 25602 that would enable plaintiffs to avoid the effect of the statute by couching their complaints "in language apart from furnishing or selling liquor." (*DeBolt, supra*, at p. 275.) Here, we decline the Leongs' invitation to adopt just such an interpretation.[8]

---

[8]In arguing that section 25602 does not apply, the Leongs rely on *Blake v. Moore* (1984) 162 Cal.App.3d 700 [208 Cal.Rptr. 703], *Cantor v. Anderson* (1981) 126 Cal.App.3d 124 [178 Cal.Rptr. 540], and *Harris v. Trojan Fireworks Co.* (1981) 120 Cal.App.3d 157 [174 Cal.Rptr. 452]. These decisions, however, are distinguishable on their facts. In *Blake*, the court found no immunity where plaintiff alleged that defendant, in addition to furnishing alcohol, also negligently furnished a car for the intoxicated person to drive, noting that defendant's claim of

The judgments are affirmed.

Merrill, Acting P. J., and Strankman, J.,* concurred.

---

immunity "would be compelling if plaintiff had been driving his own car . . . ." (*Blake, supra,* at p. 704.) In *Cantor,* the court's "narrow" decision was that social hosts are not immune where they know their "guest is one who *because of* some exceptional physical or mental condition should not be served alcoholic beverages and [are] or should be aware of the risks included in providing such person with alcohol . . . ." (*Cantor, supra,* at p. 132.) Finally, the court in *Harris* based its decision solely on the doctrine of respondeat superior. (*Harris, supra,* at pp. 161-165.) Given these factual differences, we have no reason to consider the correctness of these decisions.

*Presiding Justice of the Court of Appeal, First District, Division One, sitting under assignment by the Chairperson of the Judicial Council.