Filed 4/12/16  Zink v. Clock Towers Inn CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CHRISTOPHER LEE ZINK,<br><br>    Cross-complainant and Appellant,<br><br>v.<br><br>CLOCK TOWERS INN, LLC,<br><br>    Cross-defendant and Respondent. | 2d Civil No. B262414<br>(Super. Ct. No. 56-2013-00435440-CU-PA-VTA)<br>(Ventura County) |

Christopher Lee Zink along with some friends decided to get drunk.  After a night of carousing they succeeded.  Zink returned to respondent's Clock Tower Hotel where he had arranged to stay the evening.  He was so boisterous, however, that management ordered him to leave.  Ultimately he complied, retrieved his car, and headed home.  En route he collided with a car driven by Francisco Briones.  The collision rendered Briones a quadriplegic.  Briones sued Zink, who cross-complained against respondent (Clocktower) alleging it breached a duty not to throw him out of its hotel in his intoxicated state.  Clocktower's demurrer to Zink's third amended cross-complaint for implied contractual indemnity and contribution was sustained without leave to amend.  Zink appeals and we affirm.

FACTS

As alleged in the third amended cross-complaint, Zink was a partygoer at a graduation celebration.  Clocktower rented two rooms to accommodate the partygoers so that they could "consume alcoholic beverages without the risks of driving" in a tired or

intoxicated state. Relying on this contractual agreement with Clocktower, Zink consumed alcoholic beverages in the rooms and at two nearby bars.

In "the early morning hours," Clocktower demanded that Zink leave the premises, threatening to involve the police if he did not do so. Zink "personally appealed" to Clocktower's representative "to reconsider the demand to leave." He and the party organizer promised that they would "rectif[y]" noise complaints by "quiet[ing] down." When Clocktower called the police, Zink "obliged Clocktower's demand . . . and walked several blocks to a multistory parking structure" where his vehicle was parked so that he could drive the approximately 20 miles home. Zink lived near the "Point Mugu military facility" where he worked.

Zink "was tired and under the effects of [the] alcohol that he had consumed." On his way home, Zink collided with another vehicle at the intersection of Channel Island Boulevard and Rice Road. The other driver, Briones, sued Zink for damages from the accident, including "a serious spinal injury that has rendered him a quadriplegic." Zink is currently incarcerated.

DISCUSSION

The trial court ruled that "Zink has neither alleged nor argued any basis for finding [Clocktower] to be responsible for his decision to drive while intoxicated." Zink contends that the trial court erred. We review the third amended cross-complaint de novo to determine whether it contains sufficient allegations, if true, to state a cause of action under any legal theory. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.) It does not.

Section 1714, subdivision (b) of the Civil Code provides that "the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person." This rule was codified to overturn a trio of Supreme Court cases holding that social hosts who served alcohol could be liable for injuries caused by their guests. (See Civ. Code, § 1714, subd. (b) ["It is the intent of the Legislature to abrogate the holdings in cases such as *Vesely v. Sager* (1971) 5 Cal.3d 153, *Bernhard v. Harrah's Club* (1976) 16 Cal.3d 313, and *Coulter v. Superior Court* (1978) 21 Cal.3d 144 and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries

2

incurred as a result of furnishing alcoholic beverages to an intoxicated person"].) "The law which bars liability for a host who furnishes alcoholic beverages applies with even greater force where, as in this case, the host . . . did not furnish the alcoholic beverage, appellant did." (*Andre v. Ingram* (1985) 164 Cal.App.3d 206, 208.)

Thus, Zink's argument about the special relationship that exists between a hotel and its guests and the hotel's duty to protect its guests from foreseeable harms is beside the point. Clocktower did not cause the vehicle collision, which was solely the product of Zink's decision to drive while intoxicated. The lack of causation is fatal to his claims. Regardless, whatever duties Clocktower owes its guests due to its special relationship with them, it has no duty to protect them from harms outside the hotel. (See Rest.2d Torts, § 314A, com. c, p. 119 ["'[N]or is an innkeeper under a duty to a guest who is injured or endangered while he is away from the premises'"].)

We deny Zink's requests for judicial notice. To the extent Zink asks us to take judicial notice of facts from transcripts, these are not the proper subject of judicial notice. (*Garcia v. Sterling* (1985) 176 Cal.App.3d 17, 21-22.) More fundamentally, Zink misunderstands the nature of our review. We do not need his "substantive corroboration of the allegations" to evaluate whether the trial court properly sustained the demurrer without leave to amend. We assume the truth of the facts he alleged and determine whether they could state a cause of action. They cannot.

DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondent.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

3

Rebecca S. Riley, Judge

Superior Court County of Ventura

_____



Benton, Orr, Duval and Buckingham, Bruce Alan Finck for Cross-complainant and Appellant.

Slaughter, Reagan, & Cole, William M. Slaughter, and Gabriele M. Lashly for Cross-defendant and Respondent.