[Civ. No. 1071.    Fifth Dist.    July 11, 1969.]

JOSE D. PEREZ et al., Plaintiffs and Appellants, v. G & W CHEVROLET, INC., et al., Defendants and Respondents.

Paul Driscoll, Michael J. Brennan, Brian Paddock, James F. Smith and William B. Daniels for Plaintiffs and Appellants.

Frederic A. Jacobus and Richard B. Isham for Defendants and Respondents.

GARGANO, J.—Appellants Jose D. Perez and Maria Perez brought this action against respondents to recover for the wrongful death of their daughter, Carmen Frias Perez. The complaint inter alia alleged that respondents negligently and carelessly sold a 1958 Volkswagon to appellants' 19-year-old daughter and one Ramiro V. Silva; that respondents knew or should have known that the "purchasers were unlicensed, inexperienced and incompetent to drive a motor vehicle;" and that Miss Perez was killed in the vehicle about two weeks later while operating it in an incompetent and inexperienced manner. Respondents then filed a general demurrer to the complaint, and the demurrer was sustained with leave to amend. When appellants failed to amend, the action was dismissed. Appellants appeal from the judgment of dismissal.

Appellants rely on the doctrine of negligent entrustment to support their contention that the complaint stated a cause of action against respondents and that the trial judge erred when he sustained respondents' general demurrer. In short, they argue that their complaint stated a cause of action under section 390 of the Restatement Second of Torts, which they maintain was adopted as the decisional law of this state by *Johnson* v. *Casetta,* 197 Cal.App.2d 272 [17 Cal.Rptr. 81]. This section provides: "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner

involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.''

We do not find it necessary to decide the question as to whether section 390 of the Restatement Second of Torts accurately enunciates the law of this state as appellants maintain. Appellants' complaint merely alleges that when respondents sold the vehicle in which their daughter was ultimately killed, they knew or should have known that she was unlicensed, inexperienced and incompetent to drive it. Appellants did not allege, however, that respondents knew or should have known that Miss Perez was going to drive the vehicle without a driver's license and before she acquired driving experience, nor did they allege any facts from which such knowledge could reasonably be inferred. ■ In short, the mere sale of an automobile to an unlicensed and inexperienced person does not constitute negligence per se. On the contrary, it is the sale of the automobile with actual or presumptive knowledge that the incompetent person is going to drive it that is the gravamen of the tort articulated in section 390. Thus, if appellants' complaint is strictly construed, it does not state a cause of action; and since appellants elected not to amend, a strict construction is required. In fact, under these circumstances we must assume that they pleaded as strong a case as they could (*Vaughn* v. *Certified Life Ins. Co.*, 238 Cal.App.2d 177 [47 Cal.Rptr. 619]).

■ In any event, appellants' complaint not only alleges that appellants' daughter was unlicensed, inexperienced and incompetent to drive a vehicle when she and Ramiro V. Silva purchased it, but it also alleges that she was killed while driving the vehicle in an inexperienced and incompetent manner. However, the complaint does not allege any facts from which it can be inferred that Miss Perez did not, or for any reason could not, know the danger or appreciate the risk involved in driving a vehicle under these circumstances. In other words, this is not a case in which a person, because of immature age, mental deficiency or some similar reason, purchased and used a dangerous instrumentality without knowing the danger or appreciating the risk involved. On the contrary, on the face of the complaint it appears to be a case in which a mature, presumably intelligent, girl, who could not competently·drive an automobile, wilfully and intentionally did so with full knowledge of the risk involved, and then paid

the price. Thus, the complaint discloses contributory negligence on the part of appellants' daughter as a matter of law, and since her contributory negligence is imputable to appellants under the wrongful death statute, the demurrer was properly sustained (*Buckley* v. *Chadwick,* 45 Cal.2d 183 [288 P.2d 12, 289 P.2d 242]). It is the rule that if contributory negligence appears on the face of the complaint, a demurrer is properly sustainable on the ground that the complaint does not state a cause of action (*Routh* v. *Quinn,* 20 Cal.2d 488, 493 [127 P.2d 1, 149 A.L.R. 215]).

Appellants argue that in any action founded on section 390 of the Restatement Second of Torts, a plaintiff who was also the user of the chattel must, by necessity, admit that he was incompetent, to some extent at least, and that his incompetence contributed to his injury. However, be this as it may, the section does not purport to eliminate contributory negligence as a defense. ▮ On the contrary, as to the purchaser or user of the chattel, section 390 is clearly designed to protect only members of a limited class. It protects only those persons who because of youth, incompetency, extreme intoxication or some other excusable reason, are unaware of the danger or unable to appreciate the risk.[1] ▮ Consequently, since appellants have not alleged any facts to indicate that their daughter was a member of the protected class, the allegation that she was driving the automobile in an incompetent and inexperienced manner when she was killed is fatal to their cause of action.

The judgment is affirmed.

Stone, Acting, P. J., concurred.

---

[1] See Comment (d) of section 390 of the Restatement Second of Torts which states: "The fact that the person to whom the chattel is supplied *realizes his incompetence, and therefore is in such contributory fault as to bar his right to recover for any harm which he himself sustains,* does not relieve the supplier from liability to third persons . . . ." (Italics added.)