WILLIAMS, APPELLEE, *v.* BOLDING, APPELLEE; VINSON, APPELLANT.

(No. 82AP-488—Decided November 23, 1982.)

*Messrs. Lyman & Brooks* and *Mr. Webster S. Lyman,* for appellee Williams.
*Mr. Kevin D. Bolding, pro se.*
*Mr. John C. Hemphill,* for appellant Vinson.

WHITESIDE, P.J. Defendant Eileen Vinson appeals from a judgment of the Franklin County Municipal Court granting judgment to plaintiff Jasper C. Williams in the amount of $650 following the granting of a default judgment against defendant Vinson as to liability. Defendant Vinson raises three assignments of error, as follows:

"I. The trial court erred in its various findings in favor of plaintiff as liability against defendant Vinson was not alleged.

"II. The trial court erred in its various findings in favor of plaintiff in

that plaintiff failed to meet his burden of proof.

"III. The trial court erred in its various findings in favor of plaintiff as no cause of action exists at law against appellant Vinson."

This action arises out of an automobile accident between a vehicle operated by plaintiff and one owned by defendant Vinson but operated by defendant Kevin D. Bolding under circumstances not giving rise to agency. However, in his amended complaint, plaintiff alleges that "defendant, Kevin D. Bolding, did not have an Ohio driving license; that the defendant, Eileen Vinson, knew this, and was negligent in permitting him to operate her motor vehicle." Both defendants filed an answer to the amended complaint denying the pertinent allegations thereof, except that the accident occurred. Although there is no transcript of proceedings, there is a statement of evidence approved by both parties and the trial court, which states, *inter alia:*

"4. Thereafter, the court, for unknown reasons, set the actual trial date for the 10th day of December, 1980, at 10:00 a.m. rather than the 11th day of December, 1980, at 10:00 a.m. When this matter came on for final trial before the court on the 10th day of December, 1980, at 10:00 a.m., neither of the defendants appeared before the court, although their counsel did appear.

"5. Counsel for plaintiff was present at the hearing date of December 10, 1980, with his client and witnesses and indicated to the court he was prepared for trial.

"6. At the hearing on the 10th day of December, 1981, defendants' counsel initially and orally moved for a continuance in this matter, noting that at least defendant Eileen Vinson had always appeared previously for all hearings before this court.

"7. Defendants' counsel then moved for an order dismissing plaintiff's complaint as it was defendants' position that both plaintiff's original complaint and the amended complaint failed to state a cause of action against defendant, Eileen Vinson.

"8. Plaintiff's counsel objected to said motion, and moved, on behalf of plaintiff, for an immediate default judgment. The court, in entertaining both motions, did not rule on either motion, but rather recommended that plaintiff file a motion for default judgment, in writing, citing the Civil Rules as his authority."

Thereafter, plaintiff did file a motion for default judgment "for the reason that neither defendant appeared at the trial upon the merits." For some inexplicable reason, the trial court sustained the motion and granted the default judgment to plaintiff but without explanation.

Since no judgment had yet been entered, defendant Vinson filed a motion for reconsideration of the erroneous granting of the motion for default judgment as to liability, which was overruled and the matter set for a hearing as to damages, which was held, resulting in a judgment for plaintiff for $650 damages.

Since the record affirmatively demonstrates that defendant Vinson was at no time in default, the granting of a default judgment by the trial court was erroneous. There is no basis whatsoever indicated in the record for the granting of the default judgment, and the trial court has furnished no explanation. There is a suggestion of a misapprehension on the part of the original trial judge as to the personal appearance of a party at the commencement of a trial. The record very clearly indicates that all parties were present through counsel and that the trial could proceed. There is no requirement in a civil case that the party to that action personally be in the courtroom during the trial. The trial court did not issue a subpoena for the appearance of defendant Vinson, which would be a prerequisite to requiring her presence at the trial.

Turning more specifically to the

assignments of error, the first assignment of error is not well-taken, inasmuch as the complaint did sufficiently allege that defendant Vinson was negligent in letting Bolding, her son, operate her vehicle. Any evidence indicating such negligence would be admissible, including evidence of negligent entrustment. While the mere fact that one does not have a valid Ohio driver's license does not prove negligent entrustment, it is evidence having a bearing upon the issue when coupled with other evidence indicating the driver to be inept.

The second assignment of error is well-taken to the extent that the trial court granted a default judgment as to liability so that no evidence was presented or considered by the trial court. The interrogatories referred to by defendant Vinson could not properly be considered by the trial court in connection with a motion for a default judgment. Nor do they establish whether or not defendant Bolding has the ability to operate a motor vehicle. However, inasmuch as the trial court granted a default judgment to plaintiff without any evidence being adduced by plaintiff to prove defendant Vinson was negligent in permitting defendant Bolding to operate her motor vehicle, the assignment of error must be sustained.

The third assignment of error is not well-taken for the reasons we stated in connection with the first. The complaint alleges a claim against defendant Vinson, and plaintiff must be afforded an opportunity to prove his claim by evidence which the record indicates he at first sought to do at the original trial but then, for whatever reason, changed to seeking the default judgment without adducing the necessary evidence.

For the foregoing reasons, the first and third assignments of error are overruled, and the second assignment of error is sustained to the extent indicated, and the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for a trial upon the issue of liability, the issue of damages having been tried and determined.

*Judgment reversed
and cause remanded.*

STRAUSBAUGH and NORRIS, JJ., concur.