[No. F003018. Fifth Dist. Dec. 13, 1984.]

RICHARD E. BLAKE, Plaintiff and Appellant, v.
RAYMOND MOORE, Defendant and Respondent.

**COUNSEL**

Chain, Younger, Jameson, Lemucchi & Noriega, David V. Stiles and Paul A. Welchans for Plaintiff and Appellant.

Robinson, Palmer & Stanton, Oliver U. Robinson and Gary L. Logan for Defendant and Respondent.

**OPINION**

**WOOLPERT, J.**—Defendant provided plaintiff both liquor and a car; together they headed for an overnight visit to Las Vegas. Plaintiff consumed the liquor, agreed to drive the car, and in doing so caused a wreck in which he was seriously injured. Plaintiff now sues his friend, claiming he was too drunk to be entrusted with the car.

In the trial court he argued the injuries were the result of two proximate causes: (1) the negligent entrustment of a vehicle to an obviously drunken driver, and (2) the intoxication. Because no third person was involved, the trial court disagreed, granting defendant a summary judgment. Plaintiff appeals.

In reaching our conclusion to reverse the judgment we look to the "furnishing" statute which in most, but not all, cases protects the supplier of alcoholic beverages from tort liability. The rationale is that the proximate cause of drunk driving accidents is not in the giving or selling of the liquor, but is in the consumption itself. However, in this case more than liquor was supplied.

We find the immunity for the supplier of alcoholic beverages protects only against the risks directly flowing from the supply of the liquor. It does not provide immunity for the entrustment of the car. Therefore, two concurrent causes were at work when plaintiff lost control of the vehicle. Because comparative negligence principles apply, issues of fact were present, requiring trial on the merits. Before proceeding further, we admit to engaging in a legal analysis which disregards the practical difficulties this plaintiff will face in assigning significant fault to his friend.

Plaintiff filed a complaint for damages for personal injuries. In the first and only cause of action, he alleged defendant was "negligently responsible in some manner" for what occurred. Pleading broadly, he alleged the defendant owned an automobile which he allowed plaintiff to drive, and that defendant "so negligently and carelessly . . . controlled and entrusted" the automobile "as to cause [it] to go out of control." Plaintiff's severe injuries were a result of this negligence.

## The Facts

Both parties arrived in their own cars at the El Torito, a bar in Bakersfield. One of them was apparently having difficulty with a personal relationship. They decided to go to Las Vegas. Defendant did not want to drive because of the distance. It was decided defendant's car would be used and that plaintiff would drive. Defendant gave plaintiff the keys. Plaintiff drove them around Bakersfield so they could make arrangements for the trip. Defendant noticed nothing "irregular or bad" about his friend's driving at that time. Apparently each had been drinking at the bar. Before leaving for Las Vegas they stopped at defendant's home and picked up some beer and wine.

Both consumed the beer and wine while in the moving vehicle. They stopped at a bar in Barstow and had more to drink. After they left Barstow, again with plaintiff driving, defendant noticed plaintiff was speeding. It is unclear how long the speeding took place. It appears, however, that plaintiff was speeding before the stop in Barstow. Defendant stated that he asked plaintiff to slow down.

The vehicle was stopped by a California Highway Patrol officer. Plaintiff was given a ticket for going 80 miles per hour. He was not arrested for

intoxication or given a sobriety test. Approximately 17 miles south of the city limits of Las Vegas, plaintiff lost control of the vehicle. As a result, the automobile rolled over and plaintiff sustained injuries.

Plaintiff claims he was obviously intoxicated at the time defendant entrusted his automobile to him, and therefore defendant was negligent. The entrustment, not the furnishing of alcohol, led to the accident and injuries.

The minutes for July 26, 1983, sent to counsel prior to entry of judgment, provide as follows:

"DISPOSITION: The Motion for summary judgment is granted[.] Where no 3rd party is involved the court believes the negligent entrustment theory is immaterial [.]"

The court essentially took defendant's position that recent legislation prevented a social host from being liable for injuries suffered by an intoxicated guest to whom the host had served alcohol.

The statutes relied upon provide as follows: "(a) Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself. The extent of liability in such cases is defined by the Title on Compensatory Relief.

"(b) It is the intent of the Legislature to abrogate the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313), and Coulter v. Superior Court ([21] Cal.3d [144]) and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person.

"(c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages." (Civ. Code, § 1714.)

"(a) Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor.

"(b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage pursuant to subdivision (a) of this section shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage.

"(c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313) and Coulter v. Superior Court ([21] Cal.3d [144]) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person." (Bus. & Prof. Code, § 25602; see also 4 Witkin, Summary of Cal. Law (8th ed. 1984 supp.) Torts, § 565D, p. 364.)

Defendant also relied upon the case of *Cory* v. *Shierloh* (1981) 29 Cal.3d 430 [174 Cal.Rptr. 500, 629 P.2d 8]. In *Cory,* the court stated: "[W]e must conclude that section 25602, subdivision (b), reasonably construed, bars a suit by the intoxicated consumer as well as by third persons injured by him. Any other construction would produce a singularly anomalous result, permitting a tort recovery against the provider by the intoxicated consumer, while barring recovery against the same provider by an innocent third person who was injured by the same consumer." (*Id.*, at p. 437.)

While defendant's argument would be compelling if plaintiff had been driving his own car, it does not provide a defense to the allegation of negligent entrustment. Defendant seeks to extend the *Cory* case and the statutory authority he cites to encompass all situations in which a social host furnishes alcohol. Such a rule would simply go too far. Neither the Legislature nor the Supreme Court intended that the social host would be protected in all forms of conduct merely because some liquor had been provided and its consumption allegedly contributed to an accident.

In its wisdom the Legislature separated the supplier of liquor from the consequences of excessive drinking. This statutory shield interrupts simplistic "but for" logic even when the person supplied is plainly drunk. However, the statutory protection is a narrow "furnishing" one which should not be construed in a fashion which would preclude liability based on other concurrent causes. (*Cantor* v. *Anderson* (1981) 126 Cal.App.3d 124 [178 Cal.Rptr. 540].) There is no conclusive presumption that every

contributing cause of such an accident is united into a single, intervening cause entitled "drinking." An obviously drunk friend does not become a sober one for purposes of being entrusted with a car. Similar contentions have been rejected before.

Not so long ago the "guest statute" immunized drivers, and those vicariously responsible for them, from liability to their guests who were injured as a result of negligent driving. In a classical legal analysis, Justice Tobriner distinguished the liability of a mother resulting from her daughter's negligent driving (the vicarious liability immunized by the guest statute) and the liability which arose because of the entrustment of the vehicle to an unfit driver. (*Nault* v. *Smith* (1961) 194 Cal.App.2d 257 [14 Cal.Rptr. 889].) He illustrated the distinction: "A hypothetical case may aid in the clarification of the issue of Mrs. Smith's independent liability. Suppose that Mrs. Smith knew that Debbie's vision were defective and that she required the use of glasses for driving. If Mrs. Smith sent Debbie on the errand, knowing that she did not have the glasses, and an accident occurred not because of her negligence but because of Debbie's poor vision, Mrs. Smith could well be found liable for her independent negligence. Mrs. Smith's liability would not rest upon any negligence of the driver, or vicarious liability, but upon her own carelessness in dispatching Debbie without her glasses. The guest statute would not apply." (*Id.*, at p. 269.)

Next, Justice Tobriner cited Supreme Court authority to the effect that the common law principle of providing full redress for wrongfully inflicted injuries requires a strict construction of statutes purporting to diminish recovery. (*Ibid.*) In refusing to broadly interpret the guest statute, he came back to negligent entrustment and stated: "We see no valid distinction . . . between the dispatch of the car with defective brakes and its dispatch with a defective driver." (*Id.*, at pp. 269-270.)

We find further help in the *Nault* analysis. As in this case, it was suggested that the driver's negligence caused the accident and her mother could not be held liable because the guest statute protected against the negligent conduct of the driver. The court responded: "The point is . . . that Mrs. Smith is not charged with the *conduct* of the driver; she incurs liability because she dispatched the jeep with an incompetent driver. Mrs. Smith's tort effected its damage by means of the acts of a defective driver; the fact that such means consisted of Debbie's conduct does not work backward to extinguish Mrs. Smith's liability." (*Id.*, at p. 270.)

In *Perez* v. *G & W Chevrolet, Inc.* (1969) 274 Cal.App.2d 766 [79 Cal.Rptr. 287], a wrongful death action, it was alleged that due to the defendants' negligence, the plaintiffs' daughter was killed. Defendants sold

the daughter an automobile. Plaintiffs' argument was that defendants should have known *at the time of sale,* the daughter was "'unlicensed, inexperienced and incompetent to drive . . . .'" Defendants' demurrer was sustained with leave to amend. After failure to amend, the case was dismissed.

This court affirmed the judgment, but not because the case involved no injury to a third party. Instead, we did so because the complaint failed to allege that the defendants knew or should have known the daughter was going to drive the vehicle without a driver's license and without adequate driving experience. *(Perez, supra,* at p. 768.)

We added that "the mere sale of an automobile to an unlicensed and inexperienced person does not constitute negligence per se. On the contrary, it is the sale of the automobile with actual or presumptive knowledge that the incompetent person is going to drive it that is the gravamen of the tort articulated in section 390 [of the Restatement Second of Torts]." *(Perez, supra,* at p. 768.)

■ Similarly, entrustment of a vehicle to an intoxicated person is not negligence per se. A plaintiff must prove defendant had knowledge of plaintiff's incompetence when entrusting the vehicle. (See also *Allen* v. *Toledo* (1980) 109 Cal.App.3d 415 [167 Cal.Rptr. 270]; *Hartford Accident & Indemnity Co.* v. *Abdullah* (1979) 94 Cal.App.3d 81, 90-91 [156 Cal.Rptr. 254]; 8 Cal.Jur.3d, Automobiles, § 449, p. 483.)

Section 390, referred to above, provides: "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." (Rest. 2d Torts, Suppliers of Chattels (1965) § 390.)

Comment *c* to that section provides: "*c.* The rule stated in this Section sets out the conditions under which a supplier of a chattel is subject to liability. As always this phrase denotes that a supplier is liable if, but only if, his conduct is the legal cause of the bodily harm complained of and if the person suffering the harm is not subject to any defense such as contributory negligence, which will prevent him from recovering damages therefor. One who accepts and uses a chattel knowing that he is incompetent to use it safely or who associates himself in the use of a chattel by one whom he knows to be so incompetent, or one who is himself careless in the use of the chattel after receiving it, is usually in such contributory fault as to bar recovery. If, however, the person to whom the chattel is supplied is one

of a class which is legally recognized as so incompetent as to prevent them from being responsible for their actions, the supplier may be liable for harm suffered by him, as when a loaded gun is entrusted to a child of tender years. So too, if the supplier knows that the condition of the person to whom the chattel is supplied is such as to make him incapable of exercising the care which it is reasonable to expect of a normal sober adult, the supplier may be liable for harm sustained by the incompetent although such person deals with it in a way which may render him liable to third persons who are also injured." (*Id.*, at com. *c,* pp. 316-317.)

Particularly helpful is one of the illustrations for the section: "7. A, who makes a business of letting out boats for hire, rents his boat to B and C, who are obviously so intoxicated as to make it likely that they will mismanage the boat so as to capsize it or to collide with other boats. B and C by their drunken mismanagement collide with the boat of D, upsetting both boats. B, C, and D are drowned. A is subject to liability to the estates of B, C, and D under the death statute, although the estates of B and C may also be liable for the death of D." (*Id.*, com. *c,* illus. 7, at p. 317.)

As the illustration indicates, section 390 was written to anticipate liability for negligent entrustment in a situation in which no third party was injured. (See also 46 Cal.Jur.3d, Negligence, § 15, pp. 161-162; Annot., Negligent Entrustment: Bailor's Liability To Bailee Injured Through His Own Negligence Or Incompetence (1982) 12 A.L.R.4th 1062; see generally Annot., Liability Based On Entrusting Automobile To One Who Is Intoxicated Or Known To Be Excessive User Of Intoxicants (1968) 19 A.L.R.3d 1175.)

In *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], the California comparative negligence doctrine was established, abrogating contributory negligence as a complete bar to recovery on a negligence complaint. ■ Voluntary intoxication may amount to wilful misconduct. Nevertheless, the drinking is not so "intentional" that it disqualifies an injured person from comparative negligence relief. (*Zavala* v. *Regents of University of California* (1981) 125 Cal.App.3d 646 [178 Cal.Rptr. 185].)

■ Plaintiff may be unable to excuse his voluntary intoxication. (*Cantor* v. *Anderson, supra,* 126 Cal.App.3d at p. 130.) Nevertheless, he is entitled to a comparative fault trial. This should result in a weighing of defendant's fault in entrusting his car to plaintiff with knowledge of the intoxication, and the fault of plaintiff in drinking and then driving.

The judgment is reversed.

Hanson (P. D.), Acting, P. J., and Best, J., concurred.