ANNA TOSH, Plaintiff-Appellant, v. SAMUEL D. SCOTT *et al.*, Defendants (Martin J. Scott, Defendant-Appellee).

SANDRA J. MALLDER, Adm'x of the Estate of Cynthia Jo Mallder, Deceased, Plaintiff-Appellant, v. SAMUEL D. SCOTT *et al.*, Defendants (Martin J. Scott, Defendant-Appellee).

Third District   Nos. 3—84—0094, 3—84—0139 cons.

Opinion filed December 14, 1984.

Dennis R. Fox, of Califf, Harper, Fox, Dailey & Slover, of Moline, for appellant Anna Tosh.

Raymond J. Conklin, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant Sandra J. Mallder.

Samuel S. McHard, of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The captioned cases present a single issue and are consolidated for the purpose of determination. The issue presented for review is whether a cause of action exists for the negligent sale of an automobile. The trial court determined that no cause of action existed and granted in each case the defendant Martin J. Scott's motion for a summary judgment.

These cases arose out of an automobile accident which involved an automobile driven by the plaintiff Anna Tosh in which plaintiff Mallder's decedent, namely Cynthia Jo Mallder, was a passenger. The

vehicle was involved in a collision with an automobile operated by Samuel D. Scott. As the result of the accident, plaintiff Tosh was injured and Cynthia Jo Mallder died of injuries sustained. Multicount complaints were filed, and certain counts were directed against the defendant Martin J. Scott.

The counts pertinent to this appeal allege that the defendant sold his automobile to his adult son, Samuel D. Scott, and that the father, Martin, was negligent in that at the time he effected the sale he knew or should have known that his son, the purchaser, did not have a valid license to operate the vehicle; that his son had a severe and extreme drinking problem; that his son had been convicted on at least three prior occasions of operating a vehicle while under the influence of intoxicating beverages, and that there was a reasonable likelihood that the son would operate the vehicle he purchased from his father while under the influence of intoxicating liquor. The alleged liability of Martin J. Scott was predicated on the negligent sale of the automobile to his son.

In confronting the issue presented in these appeals, it should be noted at the outset that there are no Illinois cases imposing liability for the negligent sale of an automobile. The plaintiffs attempt to equate the sale of a motor vehicle with negligent entrustment cases. Such theory cannot be supported, since an essential element of a negligent entrustment cause of action is the defendant's ownership or right to control the vehicle. This element in the instant cases is missing. In the instant cases, it is uncontested that the father's sale to his son was a bona fide arms-length transaction which occurred three weeks before the accident. That it was a bona fide sale is attested to by a cancelled check and certificate of title. At the time of the sale, the defendant removed his license plates from the vehicle and his son attached to the vehicle an "Illinois License Applied For" and an Illinois temporary registration permit. It is further noted that the son also owned another vehicle, a van. The decision as to which vehicle he should drive on the date of the accident was entirely within the son's discretion.

As a matter of public policy, liability should not be extended to a seller as the plaintiffs seek to do in the instant cases. In a similar case, the appeals court of the State of Tennessee made the following observation:

> "If a father incurs liability by giving an automobile to his son, knowing him to be [a] drunken or incompetent driver, when would it end? Would it last for the life of the automobile? Would it apply to a new automobile in the event of a trade-in? Or would liability attach to a dealer who sold an automobile to a known

incompetent or drunken driver? Or to a filling station operator who sold such person gas, knowing of his propensity?

\*\*\* The very paucity of authorities on this interesting question leads to the belief that such liability is not recognized in other jurisdictions." *Brown v. Harkleroad* (1955), 39 Tenn. App. 657, 665, 287 S.W.2d 92, 96.

While, as heretofore stated, there is no Illinois case dealing precisely with the cause of action for a negligent sale of an automobile, an indication of our court's views on such an issue can be found in the case of *Fugate v. Galvin* (1980), 84 Ill. App. 3d 573, 406 N.E.2d 19. In that case it was held by the reviewing court that a passenger in another's car cannot be liable when, knowing that the owner-driver is intoxicated, nevertheless asks the owner-driver to take him home, only to have the owner-driver run down a pedestrian.

The court in *Fugate* stated as follows:

"The Illinois rule is well settled, and is in accord with that of other jurisdictions. The liability for the damage caused by the negligent act of a driver does not attach against a person other than the driver, unless that person is the owner or has the right to control the vehicle. [Citations.]" 84 Ill. App. 3d 573, 575, 406 N.E.2d 19, 21.

The court in *Fugate*, in addressing the policy question, stated as follows:

"While creating a new duty would assist injured plaintiffs by spreading the loss among a new class of defendants, up to now society has been satisfied to rely upon the liability of the driver alone to adequately compensate injured plaintiffs. The fortuitous circumstance of one driver's inability to pay for damages he has caused should not be a reason to open new arenas of liability in search of perfect compensation schemes. Finally, as discussed above, the driver in this case bore final responsibility for the consequences of his decision. The policy of requiring individuals to take responsibility for their own acts militates against the creation of a new duty." 84 Ill. App. 3d 573, 577, 406 N.E.2d 19, 22.

For the reasons set forth, the action of the circuit court of Rock Island County in granting summary judgment to the defendant in the instant cases is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.