WINIFRED SMALL, as Independent Ex'r of the Estate of Rene Roughny, Deceased, Plaintiff-Appellant, v. ST. FRANCIS HOSPITAL *et al.*, Defendants (Where the Cars R, Ltd., Defendant-Appellee).

First District (2nd Division)   No. 1—90—1249

Opinion filed September 30, 1991.

Donald A. Shapiro, Ltd., of Chicago (Kristin M. Boyer and David A. Statham, of counsel), for appellant.

Querrey & Harrow, Ltd., of Chicago (Michael Resis, of counsel), for appellee.

JUSTICE DiVITO delivered the opinion of the court:

Defendant Where The Cars R, Ltd., sold an automobile to Alexander Shlepakov (Alexander), an unlicensed minor. Thereafter, while driving the purchased car, Alexander struck and killed Rene Roughny. Plaintiff Winifred Small, as executor of Roughny's estate, brought suit against defendant under a negligent entrustment theory. Plaintiff appeals from the circuit court's order granting defendant's motion to dismiss for failure to state a cause of action.

The sole issue on appeal is whether an allegedly negligent sale of an automobile can sustain a cause of action for negligent entrustment of the automobile. For reasons that follow, we answer in the affirmative.

The undisputed facts underlying plaintiff's claim are as follows. Defendant sold Alexander a 1978 Ford Fairmont automobile on June 30, 1988. On that date, Alexander was 15 years of age and did not possess a driver's license. At approximately 5:20 p.m. on August 18, 1988, Alexander, who was still unlicensed and 15 years of age, struck Roughny with the car purchased from defendant. At the time he was hit, Roughny was waiting for a bus at the intersection of Western Avenue and Lunt Street in Chicago. Roughny suffered severe injuries and, after a lengthy hospitalization, died as a result of those injuries.

Count I of the complaint, which named neither Alexander nor his parents as defendants, alleged that defendant was negligent in selling the car to Alexander because he had not yet attained his 16th birthday; defendant failed to check or inquire as to his identification, age, or training prior to selling him the car; defendant negligently entrusted the car to him when it knew or should have known that he was an unlicensed and incompetent driver; and defendant was otherwise negligent in selling and entrusting the car to him.

The remaining counts of the complaint were brought against various medical doctors and health care providers who were allegedly negligent in their care and treatment of Roughny; those counts are not relevant to this appeal.

Defendant filed a motion to dismiss count I pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). On March 29, 1990, the circuit court granted the motion, stating:

> "This is not [a] case of negligent entrustment of a motor vehicle. It is an attempt to plead a cause of action for negligent sale of a motor vehicle, and that is not a cause of action recognized in the state of Illinois pursuant to the holding in [*Tosh v.*

*Scott* (1984), 129 Ill. App. 3d 322, 472 N.E.2d 591]. The motion is well taken on that ground, that ground only.

Count I is stricken for failure to state a cognizable cause of action. The action is dismissed as to the Defendant, Where The Cars Are [*sic*], and with the specific finding that no possible set of facts in support of this cause of action would ever entitle the Plaintiff to relief, and as such, leave to replead is denied."

Because of the specific holding of the circuit court, we address only the issue of whether a cognizable cause of action is possible pursuant to the facts alleged in this case. Because the circuit court denied leave to replead, holding that "no possible set of facts *** would ever entitle the [p]laintiff to relief," we do not address whether the dismissed complaint adequately pleaded facts sufficient to bring the claim within the scope of a recognized cause of action. See, *e.g., Teter v. Clemens* (1986), 112 Ill. 2d 252, 492 N.E.2d 1340.

In finding that no possible set of facts would entitle plaintiff to relief, the trial court relied on *Tosh v. Scott* (1984), 129 Ill. App. 3d 322, 472 N.E.2d 591. In that case, the defendant father sold his automobile to his adult son. The complaint alleged that at the time of the sale, the father knew or should have known that his son did not have a valid driver's license; that he had a severe drinking problem; that he had been convicted at least three times of driving while under the influence of intoxicating beverages; and that there was a reasonable likelihood that he would operate the vehicle purchased from his father while under the influence of intoxicating liquor. (*Tosh*, 129 Ill. App. 3d at 323.) Three weeks later, the son was involved in an automobile accident, which resulted in one person's death and injuries to another person.

In *Tosh*, the plaintiffs' suits were based upon negligent sale, which they attempted to equate to negligent entrustment. In affirming the trial court's grant of summary judgment for the defendant, the Third District Appellate Court rejected the negligent entrustment theory, holding that "an essential element of a negligent entrustment cause of action is the defendant's ownership or right to control the vehicle." (*Tosh*, 129 Ill. App. 3d at 323.) The court also ruled that extending liability to a seller was against public policy. *Tosh*, 129 Ill. App. 3d at 323.

In the instant case, plaintiff argues that, in *Tosh*, the court ignored the Restatement (Second) of Torts, "demonstrated a fundamental lack of understanding of negligent entrustment law," and based its decision on the transfer of ownership which plaintiff deems irrelevant in a negligent entrustment action.

One of the cases plaintiff cites in support of her position is *Seward v. Griffin* (1983), 116 Ill. App. 3d 749, 452 N.E.2d 558. There the plaintiff was injured when her car was struck by another driven by an unlicensed motorist. The testimony was conflicting as to ownership of the latter automobile, but it appeared that the unlicensed motorist was test-driving the vehicle when the accident occurred. The plaintiff sued the car dealer for negligently entrusting the motor vehicle to one whom he knew to be unlicensed to drive. *Seward*, 116 Ill. App. 3d at 753-55.

The trial court entered judgment on a jury verdict for the plaintiff and the appellate court affirmed. It found that the defendant knew that the motorist was an unlicensed driver, and held:

"Such an independent act of negligence occurs on the part of the automobile dealer where he lends the automobile to a person he knows is incompetent to drive or is reckless." (*Seward*, 116 Ill. App. 3d at 754.)

Plaintiff argues that *Seward*, though it did not involve a sale, is analagous to the instant case in that, when defendant put the automobile in Alexander's control, defendant committed an independent act of negligence.

Plaintiff also relies on the case of *Salvi v. Montgomery Ward & Co.* (1986), 140 Ill. App. 3d 896, 489 N.E.2d 394. In that case, the plaintiff was injured when his 14-year-old brother was cleaning an air gun he had purchased from the defendant. The gun accidentally discharged, and the plaintiff was struck and blinded in one eye. (*Salvi*, 140 Ill. App. 3d at 900-01.) The plaintiff alleged that the defendant was negligent in selling the gun to his brother. The trial court entered judgment on the jury's verdict that the defendant was negligent, and the appellate court affirmed.

Although the underlying facts in *Salvi* did not involve negligent entrustment of a motor vehicle, plaintiff argues that its reasoning is applicable to the case at bar. The *Salvi* court ruled that it was not unreasonable to place a burden upon the defendant to ask for identification prior to selling an air gun. Similarly, plaintiff contends, in the case at bar the requirement of having Alexander produce a driver's license was minimal when compared to the benefit of the protection of life and property.

Both parties have cited a number of cases from other jurisdictions. Those cases reveal the split of authority on this issue. Although some States follow the Restatement (Second) of Torts and hold that a sale does not preclude an action for negligent entrustment (*Vince v. Wilson* (Vt. 1989), 561 A.2d 103; *Lombardo v. Hoag* (1989), 237 N.J.

Super. 87, 566 A.2d 1185; *Dillon v. Suburban Motors, Inc.* (1985), 166 Cal. App. 3d 233, 212 Cal. Rptr. 360; *Flieger v. Barcia* (Alaska 1983), 674 P.2d 299; *Kahlenburg v. Goldstein* (Md. App. 1981), 431 A.2d 76), others do not recognize such a cause of action (*Perez v. G & W Chevrolet, Inc.* (1969), 274 Cal. App. 2d 766, 79 Cal. Rptr. 287; *Rush v. Smitherman* (Tex. Civ. App. 1956), 294 S.W.2d 873; *Bulge v. Mc-Mahon* (1942), 265 A.D. 830, 37 N.Y.S.2d 540).

In our resolution of the issue, we are persuaded by the language from the Restatement (Second) of Torts, its commentary, and its illustrations. Section 390 of the Restatement provides:

"§390. Chattel for Use by Person Known to be Incompetent

One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." Restatement (Second) of Torts §390, at 314 (1965).

The comments to the Restatement support those decisions which extend the rule to individuals such as sellers:

"The rule stated applies to anyone who supplies a chattel for the use of another. It applies to *sellers*, lessors, donors or lenders, and to all kinds of bailors, irrespective of whether the bailment is gratuitous or for consideration." (Emphasis added.) Restatement (Second) of Torts §390, Comment *a*, at 315 (1965).

Moreover, the sixth illustration of section 390 of the Restatement lends further support for plaintiff's position:

"6. A *sells* or gives an automobile to B, his adult son, knowing that B is an epileptic, but that B nevertheless intends to drive the car. While B is driving he suffers an epileptic seizure, loses control of the car, and injures C. A is subject to liability to C." (Emphasis added.) Restatement (Second) of Torts §390, Illustration 6, at 316 (1965).

We recognize that the circuit court in the instant case was bound by the Third District Appellate Court's holding in *Tosh*. (*People v. Harris* (1988), 123 Ill. 2d 113, 128, 526 N.E.2d 335.) We also note that, though there are compelling reasons for a court in one appellate district to follow the opinion of a court in another district, it is not required to do so. (*People v. Ward* (1989), 192 Ill. App. 3d 544, 554, 548 N.E.2d 1120.) Because we believe the rule offered by the Restatement to be legally sound and more consistent with public policy con-

siderations, we reject the *Tosh* holding and adopt the rule provided by the Restatement (Second) of Torts.

■ We agree with the Restatement that a sale does not *per se* preclude a cause of action for negligent entrustment of a motor vehicle. In this case, the complaint alleged that Alexander was 15 years old, unlicensed, and incompetent to drive, and further, that defendant knew or should have known those facts. We agree with the requirement of the Restatement concerning defendant's knowledge or "reason to know" (as opposed to "should have known") and we hold that that element must be properly pleaded and not merely asserted in conclusional terms. (*Teter v. Clemens* (1986), 112 Ill. 2d 252, 492 N.E.2d 1340.) We emphasize that our holding does not require that a seller of a car, whether commercial or private, must ask for a driver's license or investigate driving proficiency in every case; however, when a car seller has reason to know that a prospective buyer is underage, unlicensed, or otherwise incompetent, a cause of action for negligent entrustment exists.

We believe that public policy considerations are consistent with our holding. We fail to see a reason for distinguishing between a seller and an owner of an item which might harm someone, when the other elements of negligent entrustment are present. The relation of defendant to the particular instrumentality is but one factor to be considered; the key factor is that the negligent entrustment theory requires a showing that the entrustor had reason to know some reason why entrusting the item to another was foolish or negligent. (See *Vince v. Wilson* (Vt. 1989), 561 A.2d 103, 105.) A seller who knows or has reason to know that his sale to a specific purchaser places someone at risk should be subject to the same liability as a lessor, a donor, a lender, or a bailor.

In *Dillon v. Suburban Motors, Inc.* (1985), 166 Cal. App. 3d 233, 212 Cal. Rptr. 360, involving some of the same public policy considerations which we address, the California Appellate Court reasoned:

> "This case involves an entity 'doing a volume business in motor vehicles with resultant heavy exposure on the part of the public to the risk involved. We do not consider it unreasonable to require that such entities take adequate precaution with respect to the vehicles owned by them or in their temporary custody. One such precaution[ ] involves requiring the production of evidence from a prospective user of competency to drive.' " *Dillon v. Suburban Motors, Inc.*, 166 Cal. App. 3d at ___, 212 Cal. Rptr. at 369, quoting *Hartford Accident & Indemnity Co.*

*v. Abdullah* (1979), 94 Cal. App. 3d 81, 94, 156 Cal. Rptr. 254, 262.

■■ We conclude that a cause of action for negligent entrustment of a motor vehicle may exist in the instant case. We therefore remand the case to the circuit court for the purpose of determining the sufficiency of the complaint and, if necessary, to allow plaintiff an opportunity to replead.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SCARIANO, P.J., and HARTMAN, J., concur.