[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This appeal comes to us from the Lucas County Court of Common Pleas. There, the court granted partial summary judgment to an alleged tortfeasor's employer and its insurer in a consolidated personal injury/wrongful death suit. Because we conclude that the trial court properly determined that as a matter of law the employer was not liable under theories of eitherrespondeat superior or negligent entrustment, we affirm.
Twenty-two year old Jeffrey Kaczmarski was an employee of appellee Hoffman Harpst Company, Inc., a heating and air conditioning business. Jeffrey Kaczmarski's father, James Kaczmarski, owned fifty percent of Hoffman Harpst and served as its president. Appellee Cincinnati Insurance Company was Hoffman Harpst's insurer.
On September 12, 1992, Hoffman Harpst sold Jeffrey Kaczmarski a 1985 Ford Econoline van. Although the company executed the transfer portion of the title certificate, Jeffrey Kaczmarski failed to record the transfer. According to Kaczmarski, he could not afford insurance to show proof of financial responsibility.
Early in the morning of November 16, 1992, Jeffrey Kaczmarski drove the Econoline van from his home to a temporary job site at the University of Toledo. Before he reached his job site, Jeffrey Kaczmarski allegedly failed to yield the right-of-way to oncoming traffic and turned into the path of an automobile driven by Lyle Bernhagen. As a result of this collision, Bernhagen died, and his wife, appellant Dorothy Bernhagen,[1] was seriously injured.
The accident gave rise to two lawsuits. Community Mutual Insurance Company, as subrogee of Dorothy Bernhagen for her medical costs, brought suit against Jeffrey Kaczmarski. Dorothy Bernhagen, individually and as executrix of the estate of Lyle Bernhagen, sued Jeffrey Kaczmarski and Hoffman Harpst. Dorothy Bernhagen sought recovery for her personal injuries, loss of consortium, and the wrongful death of Lyle Bernhagen. The complaint alleged that Hoffman Harpst was vicariously liable for Jeffrey Kaczmarski's negligence under the theories of negligent entrustment and/or respondeat superior. Hoffman 
Harpst's insurer, The Cincinnati Insurance Company, was joined in an ancillary suit seeking a declaration of its duty to indemnify Hoffman Harpst. The separate suits were joined in the trial court.
Following discovery, appellees Hoffman Harpst and The Cincinnati Insurance Company moved for summary judgment, disavowing liability because Jeffrey Kaczmarski was not performing duties within the scope of his employment at the time of the collision. With respect to negligent entrustment, appellees asserted that (irrespective of any knowledge it might have of Jeffrey Kaczmarski's poor driving record) it did not entrust the vehicle to Kaczmarski, rather it sold it to him. Over appellant's opposition, the trial court granted the motion and pursuant to Civ.R. 54(B) entered a finding that there was no just cause for delay.
Appellants now bring this appeal, asserting the following two assignments of error:
 "I. The trial court erred in ruling that the tort of negligent entrustment of a motor vehicle requires that the entrustor have ownership of the vehicle at the time of the accident, rather than at the time of the entrustment, in order to be held liable for damages caused by the entrustee.
 "II. The trial court erred in ruling that, under the circumstances of this case, the tort-feasor was not acting within the scope of his employment at the time of the accident, thus negating the respondeat superior
liability of the Appellee."
The standard of review for summary judgment is the same for both trial and appellate courts. Lorain Nat'l Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129.
 "* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *" Civ.R. 56(C).
 I.
We shall discuss appellants' second assignment of error first. Appellants contend that the trial court erred in rejecting their argument that appellees should be vicariously liable for damages by virtue of the doctrine of respondeat superior. That doctrine makes employers liable for torts committed by employees acting in the scope of their employment. Restatement of Law 2d Agency (1958), 481, section 219(1); Byrd v. Faber (1990), 57 Ohio St.3d 56,58.
Appellants suggest that the proper way to determine whether Jeffrey Kaczmarski was acting within the scope of his employment with Hoffman Harpst is to apply workers' compensation rules to the situation. Appellants argue that this approach was ratified by the Ohio Supreme Court in Boch v. NewYork Life Ins. Co. (1964), 175 Ohio St. 458. According to appellants, a non-fixed situs employee traveling to and from work may be acting within the course or scope of his or her employment. The trial court rejected this argument, concluding that Jeffrey Kaczmarski was traveling to a fixed place of employment and, therefore, by virtue of the workers' compensation "coming and going" rule, see, Moffitt v. Ohio Bureau of Workers' Comp. (1991),78 Ohio App.3d 48, 51, was outside the scope of employment.
We note that there has been some recent erosion in the "coming and going" rule. See Ruckman v. Cubby Drilling, Inc.
(1998), 81 Ohio St.3d 117. Nevertheless, like the trial court, we must reject appellants' argument, but for different reasons. Workers' compensation principles are simply inapplicable to our analysis of whether an employee was acting within the scope of his employment for purposes of imposing respondeat superior liability. Workers' compensation recovery is based entirely on statute and has little, if anything, to do with questions raised outside the employment setting. For this reason, the "* * * application of workers' compensation principles to the instant respondeatsuperior case would be misplaced." Faber v. Metalweld, Inc.
(1992), 89 Ohio App.3d 794, 798, citing Rogers v. Allis-Chalmers,Mfg. Co. (1950), 153 Ohio St. 513, 528.
It has long been held that for an employer to be liable for the negligence of an employee in the operation of the employee's vehicle, it must be demonstrated that: 1) the employer expressly or implicitly authorized the employee to use his own automobile in his or her work; 2) that the employee was doing the work he was employed to do at the time of his negligence; and 3) the employee was subject to the employer's direction and control while using the employee's automobile.Miller v. Metropolitan Life Ins. Co. (1938), 134 Ohio St. 289,293. In this case, appellants have failed to come forth with any evidence tending to prove any of these factors. In fact, quite the opposite has occurred. The uncontroverted deposition testimony shows that Jeffrey Kaczmarski was prohibited from using his vehicle on the job, was doing nothing for the benefit of his employer at the time of the accident and was under no control of his employer at the time of the collision.
Accordingly, the trial court properly granted summary judgment on this issue. Appellants' second assignment of error is found not well-taken.
 II.
Appellants' first assignment of error concerns the trial court's rejection of the negligent entrustment claim. Appellants maintain that, at the time of the sale of the van to Jeffrey Kaczmarski, appellee company knew of Jeffrey's alleged driving incompetence because Jeffrey's father, James Kaczmarski, is president of the company. Appellants maintain that James Kaczmarski knew that Jeffrey had prior speeding violations, two recent accidents and had his operator's license suspended as a juvenile.
Nevertheless, the trial court applied the rules of the negligent entrustment stated in Gulla v. Straus (1950), 154 Ohio St. 193, paragraph three of the syllabus which states,
 "3. The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperience or incompetent operator whose negligent operation results in the injury." (Emphasis added.)
The trial court concluded that Hoffman Harpst was not the owner of the van that Jeffrey Kaczmarski was driving the day of the collision. See Smith v. Nationwide Ins. Co. (1988),37 Ohio St.3d 150, 152-153.
Although appellants contested this point in the trial court, they now concede that Jeffrey Kaczmarski owned the van he was driving at the time of the accident. However, on appeal, appellants argue that ownership of the van is not, as the trial court found, dispositive of the negligent entrustment issue. According to appellants, the Gulla rule is too narrow. Appellants direct our attention to the Restatement of Law 2d, Torts (1965) 314, section 390, for the principle they suggest should control. That section provides
 "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others who the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."
Appellants point out that, as noted in comment "a" to section 390, this section specifically applies not only to owners, but to anyone who supplies a chattel for the use of another, including, "* * * sellers, lessors, donors and lenders * * *." Applying section 390, appellants argue that there is a triable issue of fact as to whether Jeffrey Kaczmarski's prior driving record was sufficient to give rise to a duty by Hoffman 
Harpst to prevent the endangerment of others.
Appellants argue that section 390 is not incompatible with the Gulla rule. What makes this a case of the first impression, according to appellants, is that there is proof of actual knowledge on the part of the motor vehicle's seller that the buyer was an incompetent driver. When such knowledge is in the hands of a seller, liability should not be precluded over a technicality of title. Appellants cite numerous instances from other states which have considered this issue and found the seller to be liable for negligent entrustment. See, e.g., Vince v.Wilson (1989), 151 Vt. 425; Small v. St. Francis Hospital (1991),220 Ill. App.3d 537; Roland v. Golden Boy Chevrolet
(Cal.App. 1984), 207 Cal.Rptr. 413; see, also, Annotation, Negligent Entrustment of Motor Vehicle to Unlicensed Driver (1987), 55 A.L.R.4th 1100[2], Keeton, Prosser Keeton on Torts (5 Ed. 1984), 717-718. Although no Ohio court has ever adopted section 390 of the Restatement, appellants urge us to do so.
Ohio Jurisprudence holds that the lack of an operator's license is not per se reason to conclude a driver is incompetent,Gulla v. Straus, supra, at 202, although the lack of a license may be evidence of incompetence. Williams v. Bolding (1982),6 Ohio App.3d 48, 50. Conversely, we can say that while possession of a valid operator's license does not per se make a driver competent, it is at least an indicator that the state considers the licensee qualified and minimally competent to operate a motor vehicle. In an arms length transaction between strangers, a seller, lessor, donor or bailor would be entitled to presume that the buyer, lessee, donee or bailee was competent and qualified to operate the vehicle by virtue of his or her possession of a valid operator's license. See, annotation (1985), 41 A.L.R.4th 111, 113, Section 2(a).
In this matter, Jeffrey Kaczmarski possessed a valid operator's license both at the time of the sale and the time of the accident. Absent special knowledge by Jeffrey's father, Hoffman Harpst is entitled to rely on the presumption of competence as if it were a stranger at arms length in this transaction. Appellants have presented no evidence that James Kaczmarski had special knowledge of his son's driving incompetence beyond that contained in his official driving record which showed him to be a validly licensed Ohio driver.
Consequently, even were we to adopt section 390 of The Restatement of Torts, this would be unavailing to appellants as they have not demonstrated that Hoffman Harpst had any special knowledge of Jeffrey Kaczmarski's alleged incompetence as a driver. Accordingly, appellants' first assignment of error is found not well-taken.
Upon consideration whereof, the court finds substantial justice has been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellants pay court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] The Bernhagen's daughter, Vickie L. Peckham is also nominally an appellant. Vicki Peckham intervened in these suits to establish her rights under the uninsured motorist clause of her own insurance policy. Appellants' notice of appeal also lists one Patti Largent as a plaintiff and appellant, yet it is unclear when or if Ms. Largent became a party.
[2] All of the cases cited involved the sale of motor vehicles to unlicensed drivers.