Terri JOHNSON, as Trustee for the Next–of–Kin and Surviving Spouse of Robert Harold Johnson, Deceased, Appellant (C5–00–94),

Terri Johnson, as Trustee for the Next–of–Kin of Beth Charise Lundberg, Deceased, Appellant (C7–00–95),

v.

Melvin JOHNSON and Bernice Johnson, individually and d/b/a Litehouse Motors, Respondents,

Scott Patrick Harrell, Respondent,

Rebecca Gumtow, Respondent.

Nos. C5–00–94, C7–00–95.

Court of Appeals of Minnesota.

June 20, 2000.

Stephanie A. Ball, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, for appellant.

John D. Kelly, Robin C. Merritt, Hanft Fride, P.A., Duluth, for respondents Melvin and Bernice Johnson.

Considered and decided by HARTEN, Presiding Judge, TOUSSAINT, Chief Judge, and SHUMAKER, Judge.

## OPINION

HARTEN, Judge.

Appellant, trustee for the estates of deceased victims of a motor vehicle collision, brought this action against respondents, who sold the truck involved in the collision, alleging breach of a seller's duty to determine whether purchasers are licensed and insured, negligent entrustment, and vicarious liability as an owner under the Safety Responsibility Act. Respondents moved successfully for summary judgment on all three allegations. Because we see no genuine issues of material fact and no error of law, we affirm.

## FACTS

Respondents Melvin Johnson and Bernice Johnson, d/b/a Litehouse Motors, a used car dealership, purchased at an auction a pickup truck owned by John Stoffel. Title to the pickup was not transferred immediately because Melvin Johnson was hospitalized.

In November 1998, Beth Gumtow, accompanied by her boyfriend, Scott Harrell, purchased the pickup from respondents in a cash transaction. Gumtow and Harrell informed respondents' salesman that Gumtow's name should be on the title, and she signed the purchase agreement. Gumtow provided respondents with her driver's license and with the name of an insurance company she said was providing coverage for the pickup. Harrell said that he had left his license in Anoka.

In December 1998, Harrell, with a blood alcohol level of .15, was driving the pickup when it collided with a vehicle driven by Robert Johnson in which Beth Lundberg was a passenger. Johnson and Lundberg, husband and daughter of appellant Terri Johnson, were killed. Subsequent investigation revealed that Harrell's license had been revoked in 1995 and that Gumtow had supplied inaccurate insurance information; the pickup was not insured. Stoffel remained its registered owner.

In her capacity as trustee for the next-of-kin for Johnson and Lundberg, appellant brought wrongful death actions against Gumtow, Harrell, and respondents.[1] She alleged three grounds for respondents' liability: (1) breach of the standard of care required of a used car dealership, (2) negligent entrustment of the pickup, and (3) ownership liability under the Safety Responsibility Act. The district court granted respondent summary judgment on all three grounds.

---

1. Appellant's claims against Gumtow and Harrell, neither of whom is insured, are pend-

## ISSUES

1. Does the seller of a motor vehicle have a duty to investigate the license status of a prospective driver?

2. Does the tort of negligent entrustment apply to the seller of a motor vehicle?

3. Is a non-owner of a motor vehicle liable under the Safety Responsibility Act?

## ANALYSIS

■ On an appeal from summary judgment, this court asks whether there are any genuine issues of material fact and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990) (citation omitted). The issues appellant raises all concern application of the law. The application of law to stipulated facts is a question of law, which we review de novo. *Morton Bldgs., Inc. v. Commissioner of Revenue,* 488 N.W.2d 254, 257 (Minn.1992).

### 1. Duty of Sellers of Motor Vehicles

■ Appellant argues that this court should create a law imposing on Minnesota sellers of motor vehicles a duty to determine the license and insurance status of car purchasers. Creating such a law, however, is beyond the scope of this court's authority. *See, e.g., Lake George Park, L.L.C. v. IBM Mid–America Employees Fed. Credit Union,* 576 N.W.2d 463, 466 (Minn.App.1998) ("This court, as an error correcting court, is without authority to change the law"), *review denied* (Minn. June 17, 1998); *Stubbs v. North Mem. Med. Ctr.,* 448 N.W.2d 78, 83 (Minn.App. 1989) (declining to recognize a cause of action not yet recognized previously by the courts or created by legislative action because "[t]he function of this court is primarily decisional and error correcting, rather than legislative or doctrinal"), review denied (Minn. Jan. 12, 1990); *St. Au-*

ing.

bin v. Burke, 434 N.W.2d 282, 283 (Minn. App.1989) (quoting this court's Internal Rules: "[The court's] primary function is the correction of error by application of legal principles. Its task is to find the law, to state it, and to apply it to the facts"), *review denied* (Minn. Mar. 29, 1989).

■ Sellers are not required to check the license and insurance status of purchasers. See Minn. R. 7400.5200 (requiring only a sales agreement with the names and addresses of the parties, a complete description of the vehicle, and financial information). Although they were not required to do so, respondents routinely checked the license status of purchasers. Appellant argues that this practice imposes on respondents a parallel duty to check also the license status of prospective drivers, and that respondents breached this duty by failing to check the status of Harrell's license. But there is no basis for requiring sellers who check purchasers' license status to check the license status of prospective drivers as well; moreover, such a requirement would discourage sellers from checking anyone's license status. We conclude that the district court did not err in finding that respondent had no duty to determine Harrell's license status.

## 2. Negligent Entrustment

■ Minnesota has adopted Restatement (Second) of Torts § 390 on negligent entrustment:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Axelson v. Williamson*, 324 N.W.2d 241, 244 (Minn.1982) (a car owner who permitted unlicensed, underage girl to drive negligently entrusted the vehicle to her); *Lim v. Interstate Sys. Steel Div., Inc.*, 435 N.W.2d 830 (Minn.App.1989) (semi owner who permitted his employee to drive semi negligently entrusted it), *review denied* (Minn. Apr. 19, 1989).

■ Minnesota has no case addressing negligent entrustment in the context of a sale.[2] But even assuming the sale was an

2. In *Dodge Ctr. v. Anderson*, 199 Cal.App.3d 332, 244 Cal.Rptr. 789 (1988), *review denied* (Cal. May 19, 1988), a case with very similar facts brought by victims of a collision with a truck sold to and driven by an unlicensed driver against the truck's seller, the court expressed doubt that a sales transaction could give rise to negligent entrustment liability, *id.* at 792, and reiterated a dealer's right to assume that a buyer will obey the law. *Id* at 794. *See also Sligh v. First Nat'l Bank*, 735 So.2d 963, 969–70 (Miss.1999) (no negligent entrustment in sale of motor vehicle to an alcoholic because seller no longer had ownership of or control over the car); *Day v. Williams*, 670 So.2d 914, 916 (Ala.1995) (no negligent entrustment where a seller was unaware that the buyer, an experienced adult driver, did not possess a license and seller had no control or dominion over the vehicle when the accident occurred); *Sansonetti v. City of St. Joseph*, 976 S.W.2d 572, 579 (Mo. Ct.App.1998) (no negligent entrustment claim because seller had permanently relinquished car to buyer two weeks prior to the accident); *Kirk v. Miller*, 7 Kan.App.2d 504, 644 P.2d 486, 490 (1982) (no negligent entrustment claim against seller who no longer owned vehicle when no evidence indicated that seller knew buyer was an incompetent driver and had no liability insurance), *review denied* (Kan. June 28, 1982); *Sikora v. Wade*, 135 N.J.Super. 62, 342 A.2d 580, 582 (1975) (attaching liability to a vendor who sold a car without investigating the purchaser's background would "unduly hamper commerce and would pose an undue burden on ordinary business relationships"); *Rush v. Smitherman*, 294 S.W.2d 873, 876 (1956) (holding that liability for negligently entrusting a vehicle to an unlicensed driver is part of the law of bailments, but not part of the law of sales or gifts); *but see Small v. St. Francis Hosp.*, 220 Ill.App.3d 537, 163 Ill.Dec. 203, 581 N.E.2d 154, 157–58 (1991) (negligent entrustment "when a car seller has reason to know that a prospective buyer is underage, unlicensed, or otherwise incompetent"); *Kahlenberg v. Goldstein*, 290 Md. 477, 431 A.2d 76, 81–82 (1981) (negligent entrustment claim where a father purchased a car for his son

entrustment, appellant cannot prove a prima facie case.

> In Minnesota negligent entrustment has been defined as a separate wrongful act when the negligence of the driver is reasonably foreseeable and the entrustor fails in the duty to take steps to prevent operation of the vehicle by the driver.
>
> * * * [T]he entrustor's duty runs directly to those who might be put at risk as a result of the negligent entrustment.

*Id.* at 832–33. Harrell's negligence in driving the pickup six weeks after Gumtow bought it was not "reasonably foreseeable" to respondents, who sold the pickup to a driver they knew was licensed and had been told was insured. Moreover, respondents had no control of the pickup on the day the accident occurred.

### 3. Liability under the Safety Responsibility Act

Minn.Stat. § 170.54 (1998) provides that the owner of a motor vehicle is vicariously liable for damages caused by one who is operating the vehicle with the owner's consent. *Milbank Mut. Ins. Co. v. United States Fidelity & Guar. Co.*, 332 N.W.2d 160, 167 (Minn.1983). Minn.Stat. § 168A.10 (1998) creates a rebuttable presumption that the owner of record is the owner. *See Welle v. Prozinski*, 258 N.W.2d 912, 916 (Minn.1977). Therefore, because the title was not transferred, the pickup's presumed owner of record at the time of the accident was Stoffel, who had sold it to respondents. But the purchase agreement by which respondents sold the pickup to Gumtow rebuts the presumption that either Stoffel or respondent owned it.

Appellant contends that the purchase agreement is void because it represents Gumtow as the owner when the real owner was Harrell. That distinction, however, is irrelevant to this appeal: whether ownership of the pickup passed to Gumtow or to Harrell, it passed from respondents, and respondents are therefore not liable as the owner under the Safety Responsibility Act.[3]

### DECISION

Respondents had no duty to determine the status of Harrell's license. They did not negligently entrust the pickup to him when they sold it to Gumtow and they did not own the pickup when the accident occurred. Respondents are not liable to appellant.

**Affirmed; motion granted.**

---

knowing of the son's reckless driving propensity).

3. We grant respondents' motion to strike parts of appellant's brief and appendix because they discuss or include matters not part of the record before the district court. *See* Minn. R. Civ.App. P. 110.01 (defining the record as the papers filed in the trial court, the exhibits, and the transcript).